**In the Matter of REXENE CORPORA-TION, (f/k/a Rexene Products Company), et al., Reorganized Debtors.**

**Bankruptcy Nos. 91–1057 to 91–1059.**

United States Bankruptcy Court,
D. Delaware.

June 29, 1995.

---

Laura Davis Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Jay S. Handlin, Simpson Thacher & Bartlett, New York City, for Rexene Corp.

Joseph M. Bernstein, Wilmington, DE, Peter Johnson, Houston, TX, for Bobby E. Seltz.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Chief Judge.

This is the court's Opinion on a core matter.[1] Rexene Corporation has moved for summary judgment seeking to disallow or to limit claim #445 of Bobby E. Seltz.

### I. Legal Standard

■ In considering Rexene's motion, the court will view the record in the light most favorable to Seltz to determine whether Rexene is entitled to judgment as a matter of law. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987); Fed.R.Bankr.P. 7056(c). Given the nature of Rexene's arguments, the relevant facts are undisputed.

### II. Facts and Procedural History

The germane facts are those underlying the substance of Seltz's claim, as well as prior procedural and substantive history relating to litigation on that claim in this court and in an appellate court. Discussion of these matters frames the issues presently before this court.

The claim of Bobby Seltz is for supplemental retirement benefits in the amount of $539,969.40. Seltz worked for El Paso Products Company (now known as Rexene) for four and one-half years beginning January 1, 1984. In June 1986, Seltz and El Paso entered into a participation agreement whereby Seltz became a participant in the Executive Security Plan of El Paso. To be eligible for retirement benefits under the Executive Security Plan (ESP), Seltz needed to satisfy a "retirement" clause as that term was defined by a retirement plan El Paso adopted in April 1984. That plan, as amended, required an employee to have completed a period of service of five years.

Seltz voluntarily terminated his employment with El Paso on June 30, 1988. Although at that time he had not worked five years, he left El Paso with the understanding that he would be eligible to receive retire-

---

1. 28 U.S.C. § 157(b)(2)(B).

ment benefits under the ESP. This understanding was based upon verbal conversations he had with representatives of El Paso. According to Seltz, the ESP and the participation agreement allow him retirement benefits of $2,999.83 per month beginning on July 30, 1988 and continuing for a period of 180 months; hence the total claim of $539,969.40.[2]

Rexene filed an objection to Seltz's proof of claim. Rexene then filed a motion for summary judgment on that objection. Seltz filed a cross-motion for summary judgment. After completion of the briefing, this court issued an Opinion granting Rexene's motion. *In re Rexene Corp.,* 154 B.R. 430 (Bankr. D.Del.1993). On appeal, the United States District Court affirmed in part, and reversed in part. *Seltz v. Rexene,* C.A. No. 93–318 (SLR), slip op. (D.Del. April 13, 1994). In that decision, the District Court agreed with this court that Seltz did not work for five years and did not "retire" as defined by the 1984 retirement plan.

The next issue the District Court discussed was Seltz's assertion that he was entitled to benefits under a promissory estoppel theory, because of the verbal representations he asserted were made to him concerning his eligibility for retirement benefits. The District Court ruled that the ESP was not subject to ERISA. Thus, while application of ERISA would have precluded oral modification of the employment benefits contract, the District Court concluded that Seltz's claim of promissory estoppel could proceed. Because of the fact-specific nature of promissory estoppel, the District Court remanded for a determination of the appellant's claim. An evidentiary hearing on that claim was scheduled for December 8, 1994; however, Rexene filed this second summary judgment motion, taking the hearing off the calendar.

**2.** Additional facts concerning the provisions of the retirement plan and the executive security plan are discussed in *In re Rexene Corp.,* 154 B.R. 430, 431–34 (Bankr.D.Del.1993).

**3.** Those cases are *McLellan v. Klein,* 867 S.W.2d 953 (Tex.App.1994), and *Kemmerer v. ICI Americas,* 842 F.Supp. 138 (E.D.Pa.1994).

## III. *Discussion*

In the second summary judgment motion, Rexene again argues it is entitled to judgment on Seltz's claim. It points out two cases decided after the briefing deadline in the District Court appeal which allegedly support Rexene and undercut Seltz's position that the ESP is not subject to ERISA.[3] On the basis of these two cases, Rexene argues that ERISA *does* apply to an employee benefit plan of the type at issue here, and that thus ERISA does preempt Seltz's state law promissory estoppel claim. Rexene further argues that these cases constitute an intervening change in the case law that allows this court to ignore the law of the case doctrine. *See generally In re Continental Airlines,* 154 B.R. 176, 179 (Bankr.D.Del.1993) (discussing doctrine).

■ This court will not address the merits of those two cases, as Rexene's reliance on the new case exception to the law of the case doctrine is wholly misplaced. Assuming that the District Court did not consider those cases, and assuming those cases constitute an intervening change in the case law, this court still has no jurisdiction to reevaluate the decision of a higher court. Only the United States District Court for the District of Delaware can reconsider its own rulings, and only the United States Court of Appeals for the Third Circuit can reverse a legal ruling of the United States District Court for the District of Delaware.[4] Indeed, Rexene has cited no authority for the proposition that upon remand, a lower court can "reverse" the ruling of a higher court because of an intervening change in the law. This ground for summary judgment is without merit.

■ Rexene's second request for relief on its present motion is to limit the amount of Seltz's recoverable damages from the claimed amount of $539,969.40 to an amount

**4.** Whether either of those courts would have reevaluated the preemption issue, or whether either of those courts will do so in the future, are not issues before this court.

less than $40,000.[5] Rexene argues that under 11 U.S.C. § 502(b)(7), Seltz is entitled only to one year's worth of compensation provided under his employment agreement. Section 502(b)(7) states:

> [T]he court ... shall allow [a] claim ..., except to the extent that—
>
> \* \* \* \* \* \*
>
> (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—
>
> (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
>
> (i) the date of the filing of the petition; or
>
> (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
>
> (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates.

Based upon this section, Rexene argues that Seltz's claim is a "claim of an employee for damages resulting from the termination of an employment contract," and is thus limited by the value of one year of compensation.

In *In re Prospect Hill Resources, Inc.*, 837 F.2d 453 (11th Cir.1988) (per curiam), a leading case relied upon by Seltz, the court was confronted with facts materially identical to those here. The *Prospect Hill* employee retired pre-petition and filed a claim for retirement benefits. The court held that the claim fell outside the scope of § 502(b)(7), reasoning:

> Section 502(b)(7) limits claims arising out of the rejection of an executory employment contract. It also limits claims for future compensation, which conceivably would have been earned had the parties to the agreement performed under the terminated contract. On its face, section 502(b)(7) does not apply to vested retirement benefits. The statute, by its terms,

refers to claims by employees, not by retired workers.

837 F.2d at 455. This court finds the reasoning of the *Prospect Hill* case persuasive.

Rexene attempts to distinguish this case by arguing that Seltz's retirement benefits were not "vested." First, this is incorrect within the context of the *Prospect Hill* court's discussion. Seltz was vested in the ESP. *Seltz v. Rexene*, C.A. No. 93–318 (SLR), slip op. at 7 (D.Del. April 13, 1994).[6] Second, whether Seltz's right to these benefits is vested is irrelevant on this motion for summary judgment. What is relevant here is that the claim is for supplemental retirement benefits. Specifically, this supplement is to provide "the difference between what [Seltz] receives in pension benefits from [El Paso plus other private industry pension plans,] and 60% of Seltz's salary at retirement." Participation agreement, at 1, ¶ 2.

Rexene relies primarily on one case it argues supports its position; however, this case actually supports Seltz. In *In re CPT Corporation*, 1991 WL 255679 (Bankr.D.Minn. November 26, 1991), the debtor CPT terminated employee Sims pre-petition. Sims later filed a proof of claim for severance pay, and CPT sought to limit that claim through § 502(b)(7). The *CPT* court agreed with the debtor, reasoning that the severance pay was clearly a measure of damages from the termination of his employment contract The severance pay was designed to compensate Sims for the loss he would suffer upon being terminated without cause. The *CPT* court explicitly recognized that Sim's claim was different from the claim in *Prospect Hill*, where retirement benefits were at issue. *Id.* at 3–4.

In summary, Seltz's claim is not the claim of an employee for damages, but rather a claim for retirement benefits. Seltz's claim falls outside the scope of 11 U.S.C. § 502(b)(7). Seltz's alternative argument on the limit issue need not be reached. Trial

---

**5.** The exact amount is in dispute; however, that dispute is not material to the legal issue before the court.

**6.** Rexene asserts in its reply memorandum that the District Court expressly held that Seltz has no "vested retirement benefits." That court's Opinion does not contain the quoted holding.

shall proceed on the proof of claim filed for $539,969.40.

An order in accordance with this Memorandum Opinion is attached.

### *ORDER*

AND NOW, June 29, 1995, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The motion of Rexene Corporation for summary judgment disallowing or limiting claim no. 00445 (docket no. 867) is DENIED.

2. A hearing on Rexene's objection to this claim shall commence on August 9, 1995 at 2:00 p.m.