**In re IRVINE–PACIFIC COMMERCIAL INSURANCE BROKERS, INC., Debtor.**

**Irvine–Pacific Commercial Insurance Brokers, Inc., Appellant,**

v.

**Dawn Adams, Appellee.**

**BAP No. CC–98–1223–JBK.**

**Bankruptcy No. SA 96–14454 JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 21, 1998.

Decided Nov. 10, 1998.

Designated for publication December 17, 1998.

Before JONES, BRANDT, and KLEIN, Bankruptcy Judges.

### *OPINION*

JONES, Bankruptcy Judge.

Debtor appeals from the bankruptcy court's order overruling Debtor's objection to the claim of a former employee. The employee obtained a pre-petition state court judgment against the Debtor for deferred compensation and attorney's fees. The Debtor objected to the attorney's fees as being impermissible damages under § 502(b)(7).[1] The bankruptcy court overruled the Debtor's objection. We **AFFIRM.**

### I. FACTS

Dawn Adams (Appellee) began her employment with Irvine–Pacific Commercial Insurance Brokers, Inc. (Debtor) in August of 1987. On March 1, 1989, Debtor and Appellee entered into an employment agreement (the "Agreement") which was retroactive to the date of hire.

---

1. Unless otherwise indicated, references to "chapter," "section/ § ," or "code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

The Agreement provided that Appellee was entitled to deferred compensation upon resignation if the Appellee qualified as "vested" under the Agreement. The Appellant voluntarily resigned on May 21, 1993. At the time of her resignation Appellant was fully vested in the deferred compensation program and was entitled to a 33.3% commission on all qualified income as defined under the Agreement. However, the Debtor refused to pay Appellee the deferred compensation subsequent to her voluntary resignation.

Appellee filed an action in state court against the Debtor for breach of the Agreement. On October 3, 1995, the state court issued its judgment (the "Judgment") holding that Appellee was entitled to $50,516 in deferred compensation, plus pre-judgment interest in the amount of $5,051.60 for a total judgment of $55,567.60. On January 16, 1996, the state court entered its order (the "Order") awarding the Appellee attorney's fees and costs in connection with the Judgment in the amount of $83,532.

The Debtor filed for chapter 11 protection on April 11, 1996. On November 13, 1996, the Appellee filed a claim for $139,099.60 based on the amounts awarded under the Judgment and Order.

On October 30, 1997, the Debtor filed a motion objecting to the claim on the basis that § 502(b)(7) limits claims to "compensation." The Debtor argued that attorney's fees and costs were not compensation and asked the court to reduce the claim to $55,-567.60. On November 20, 1997, the Appellee filed its opposition to the motion arguing that because Appellee was not an employee at the time of the breach of the employment agreement § 502(b)(7) does not apply. The bankruptcy court heard oral argument on December 1, 1997, and took the matter under submission.

On March 23, 1998, the bankruptcy court entered its memorandum decision. The bankruptcy court found that § 502(b)(7) was inapplicable to the present case. The court held that vested benefits fell outside the scope of 502(b)(7) because the claim is not " 'for damages resulting from the termination of an employment contract', as required under § 502(b)(7), but rather for accrued rights to which the claimant is already entitled."

The Debtor appealed this order.

## II. ISSUES

Whether the bankruptcy court erred in overruling the Debtor's objection to the Appellee's claim.

## III. STANDARD OF REVIEW

■ The interpretation and application of the Bankruptcy Code is a question of law which this panel reviews de novo. *In re Networks Electronic Corp.*, 195 B.R. 92, 96 (9th Cir. BAP 1996); *In re Orvco, Inc.*, 95 B.R. 724, 726 (9th Cir. BAP 1989).

## IV. DISCUSSION

The Debtor cited § 502(b)(7) as the sole basis for objecting to the Appellee's claim. Section 502(a) provides that a claim or interest made in a case will be deemed allowed unless a party in interest objects. Section 502(b) then provides:

(b) . . . if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of filing the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that—

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

11 U.S.C. § 502(b) (1994).

The Debtor claims that Appellee is limited to "any unpaid compensation" and a claim for

attorney's fees does not fall into that category. The Appellee responds that § 502(b)(7) does not apply because it speaks of "damages resulting from the termination of an employment contract." As the Appellee's claim arose from the failure of the Debtor to pay Appellee's vested deferred compensation, not from the termination of Appellee's employment, § 502(b)(7) is inapplicable. This Panel agrees with the Appellee.

■ Section 502(b)(7) has two requirements. First, the claim must be that of an "employee." Second, the claim must be for damages resulting from the "termination of an employment contract." Neither of these terms are defined in the statute or the legislative history of § 502(b)(7). Therefore, as a fundamental canon of statutory construction, the words chosen by Congress should be given their "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979); *St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1534 (9th Cir.1994).

The common meaning for the term "employee" is: "[a] person who works for another in exchange for financial compensation." *Webster's II New Riverside University Dictionary*, at 429 (1988). The term "employment contract" is defined as an "agreement or contract between employer and employee in which the terms and conditions of one's employment are provided." *Black's Law Dictionary*, at 472 (5th ed.1979).

■ The ordinary meaning of the word "employee" does not include a worker who has resigned from her position with a company. This case is more analogous with the case of *Folsom v. Prospect Hill Resources, Inc. (In re Prospect Hill Resources, Inc.)*, 837 F.2d 453 (11th Cir.1988). In *Prospect Hill*, the Eleventh Circuit held that § 502(b)(7) did not apply as the claimant was a retired employee and therefore not an "employee." In contrast, in *Bitters v. Networks Electronic Corp. (In re Networks Electronic Corp.)*, 195 B.R. 92, 98 (9th Cir. BAP 1996), the Ninth Circuit Bankruptcy Appellate Panel held that because the claimant in *Bitters* was an employee at the time of the breach of the termination of his contract "[t]here is no factual comparison between *Prospect Hill*

and this case." *Id.* at 98. Other courts have also ruled that vested benefits are not subject to the § 502(b)(7) cap. *In re Rexene Corp.*, 183 B.R. 369, 372 (Bankr.Del.1995) (holding that a claim for retirement benefits falls outside § 502(b)(7)); *In re Gee & Missler Servs., Inc.*, 62 B.R. 841, 845 (Bankr. E.D.Mich.1986) (holding that a pension fund's claim for damages was vested and outside the scope of § 502(b)(7)).

Consequently, as the Debtor does not dispute that the Appellee was fully vested and was entitled to her deferred compensation, we find that the bankruptcy court did not err in holding that § 502(b)(7) does not apply to the facts of this case.

■ The only issue remaining is whether the bankruptcy court erred in allowing the Appellee's attorney's fees to be part of the claim. The employment contract between the Debtor and the Appellee clearly states that "[i]n the event any action is brought to enforce this Agreement, the prevailing party in said action shall be entitled to recover from the other party, in addition to other recovery, reasonable attorney's fees." Consequently, the attorney's fees awarded by the state court were properly included in the overall amount of the claim made by the Appellee. As the bankruptcy court properly ruled that § 502(b)(7) did not apply in this case, the bankruptcy court did not err in finding that § 502(b)(7) did not prohibit the Appellee from recovering attorney's fees in connection with her state court suit to recover deferred compensation.

As a final note the Debtor claims that the case of *In re Murray Industries, Inc.*, 138 B.R. 999 (Bankr.M.D.Fla.1992), holds that attorney's fees are impermissible under § 502(b)(7). However, as previously noted, this panel holds that § 502(b)(7) is inapplicable to the present case. But beyond that, the Debtor has wholly misread the *Murray Industries* case. The bankruptcy court in *Murray Industries* specifically states: "This Court finds that [claimant] is entitled to an award of attorney's fees in the amount of $395,021.00 based on his employment contract with the Debtor." *Id.* at 1003. That the amount of attorney's fees was later re-

duced does not mean that the bankruptcy court in *Murray Industries* disallowed attorney's fees entirely. In short, the *Murray Industries* case does not support the Debtor's contention that attorney's fees are impermissible under § 502(b)(7).

## V. CONCLUSION

The bankruptcy court did not err in overruling the Debtor's objection to the Appellee's claim. The bankruptcy court properly determined that § 502(b)(7) did not act to cap the amount owing to the Appellee under a vested deferred compensation plan as the Appellee was neither an employee nor did the damages arise from the "termination of an employment contract." We **AFFIRM** the bankruptcy court.