**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:  CRYSTAL CATHEDRAL MINISTRIES, <br><br> Debtor, <br><br> ――――――――――――――――― <br><br> ROBERT H. SCHULLER; ROBERT HAROLD, INC., <br><br> Appellants, <br><br>  v. <br><br> KAREN SUE NAYLOR, Plan Agent; CRYSTAL CATHEDRAL MINISTRIES, Reorganized Debtor, <br><br> Appellees. | No. 13-56039 <br><br> D.C. No. 2:12-cv-10879-RGK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 12, 2014
Pasadena, California

Before:  PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dr. Robert H. Schuller ("Schuller") and the corporation Robert Harold, Inc. ("RHI") appeal from a district court order affirming the judgment of a bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

1. The bankruptcy court did not err in subjecting Schuller's claim to the one-year cap in 11 U.S.C. § 502(b)(7).

Section 502(b)(7) limits "the claim of an employee for damages resulting from the termination of an employment contract" to "the compensation provided by such contract, without acceleration, for one year . . . ." The bankruptcy court determined that Schuller was an "employee" of Crystal Cathedral Ministries, and that his contract with Crystal Cathedral Ministries (the "Transition Agreement") was an "employment contract."

We find no error in the determination that Schuller was an "employee." Where, as here, a statute does not otherwise define the term "employee," "the term 'employee' should be understood in light of the general common law of agency." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 741 (1989). On balance, the *Reid* test leads us to conclude that Schuller was an "employee" of Crystal Cathedral Ministries. This conclusion is consistent with the language of the Transition Agreement and the purposes of § 502(b)(7).

Because we find no error in the conclusion that Schuller was an "employee," we also find no error in the conclusion that the Transition Agreement was an "employment contract."[1]

**2.** The bankruptcy court correctly dismissed the claim by RHI. RHI's claim against Crystal Cathedral Ministries under the Transition Agreement is essentially a claim for breach of contract. *See* 11 U.S.C. § 365(g) ("the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract"). But RHI was neither a party nor a third-party beneficiary of the Transition Agreement: indeed, the Transition Agreement does not even mention RHI. Thus, the bankruptcy court properly concluded that RHI was owed nothing under the Transition Agreement.

Appellants' argument that Crystal Cathedral Ministries owed RHI money for using Schuller's likeness and other intellectual property is unsupported by the record.

**AFFIRMED.**

---

[1] Unlike the dissent, we do not believe that the Transition Agreement is best characterized as a retirement agreement. The favorable terms and considerable discretion that Schuller enjoyed under the Transition Agreement were reflective of his superior bargaining position, due in part to the substantial contributions he made to Crystal Cathedral Ministries as a key employee. Looking at the language of the Transition Agreement as a whole, these terms alone do not convert the Transition Agreement from an employment contract into a retirement agreement.

3

*Schuller et al v Naylor 13-56039*

REINHARDT, dissenting:

This case presents a difficult question regarding how best to characterize an unusual retirement agreement between a church and its founding pastor. My disagreement with the panel majority stems from the fact that I find the relevant question to be whether Dr. Robert H. Schuller is a retiree or an employee, whereas the panel majority applies the test for whether a person is an employee or an independent contractor. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 752 (1989).

11 U.S.C. § 502(b)(7) is inapplicable to claims for retirement benefits by retirees. *See, e.g.*, *In re Irvine-Pac. Commercial Ins. Brokers, Inc.*, 228 B.R. 245, 247 (B.A.P. 9th Cir. 1998); *In re Prospect Hill Res., Inc.*, 837 F.2d 453, 455 (11th Cir. 1988). Although the question is a close one, the Transition Agreement in the instant case is best characterized as a retirement agreement, rather than an employment agreement. The principal purpose of the agreement was to provide for Schuller's retirement from his position as Senior Pastor while defining the kind of relationship he would have with Crystal Cathedral Ministries in the future should he wish to continue a relationship. The agreement provided that compensation would continue even in the event of Schuller's death, and the role anticipated for Schuller–fund-raising "as his interest and time permit," chairing the

board, and serving as "roving Ambassador" for Crystal Cathedral Ministries–are more akin to an emeritus status than an employment relationship. There is no indication that Crystal Cathedral Ministries could require Schuller to perform any tasks, as one would expect in a contract for ongoing employment. Schuller would clearly be outside the scope of Section 502(b)(7) as a retiree had he discontinued the relationship altogether. We should not penalize him for maintaining a relationship with the church he founded.

Accordingly, I conclude that Section 502(b)(7) is inapplicable and I therefore respectfully dissent.