REINHARDT,
dissenting:
This case presents a difficult question regarding how best to characterize an unusual retirement agreement between a church and its founding pastor. My disagreement with the panel majority stems from the fact that I find the relevant question to be whether Dr. Robert H. Schuller is a retiree or an employee, whereas the panel majority applies the test for whether a person is an employee or an independent contractor. See Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 752, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).
11 U.S.C. § 502(b)(7) is inapplicable to claims for retirement benefits by retirees. See, e.g., In re Irvine-Pac. Commercial Ins. Brokers, Inc., 228 B.R. 245, 247 (9th Cir. BAP 1998); In re Prospect Hill Res., Inc., 837 F.2d 453, 455 (11th Cir.1988). Although the question is a close one, the Transition Agreement in the instant case is best characterized as a retirement agreement, rather than an employment agreement. The principal purpose of the agreement was to provide for Schuller’s retirement from his position as Senior Pastor while defining the kind of relationship he would have with Crystal Cathedral Ministries in the future should he wish to continue a relationship. The agreement provided that compensation would continue even in the event of Schuller’s death, and the role anticipated for Schuller— *309 fund-raising “as his interest and time permit,” chairing the board, and serving as “roving Ambassador” for Crystal Cathedral Ministries-are more akin to an emeritus status than an employment relationship. There is no indication that Crystal Cathedral Ministries could require Schul-ler to perform any tasks, as one would expect in a contract for ongoing employment. Schuller would clearly be outside the scope of Section 502(b)(7) as a retiree had he discontinued the relationship altogether. We should not penalize him for maintaining a relationship with the church he founded.
Accordingly, I conclude that Section 502(b)(7) is inapplicable and I therefore respectfully dissent.