### In the Matter of: JSJF CORPORATION, d/b/a Weiler's Deli, Debtor.

JSJF Corporation, d/b/a Weiler's Deli, Appellant,

v.

Wall Street Plaza, LLC, Appellee.

No. 05–56056.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2008.*

Filed May 7, 2008.

Before: GOODWIN, PREGERSON, and D.W. NELSON, Circuit Judges.

### MEMORANDUM **

JSJF Corporation ("JSJF"), a Chapter 11 petitioner in bankruptcy, appeals a judgment of the Bankruptcy Appellate Panel ("BAP") which reversed a decision of the bankruptcy court in favor of JSJF. For the reasons stated by the BAP, we affirm its judgment, and remand the case to the bankruptcy court for further proceedings. *See Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94 (9th Cir. BAP 2006).

Wall Street Plaza, LLC ("WSP") obtained a California state court judgment against JSJF for $183,240.67 in damages for breach of the terms of a lease, the event that prompted JSJF to seek protection in bankruptcy. The controversy before the bankruptcy court involved two claims by WSP: one for attorneys' fees ("Claim 11") and an amended claim which added damages for breach of the lease ("Claim 20"). The bankruptcy court disallowed Claim 11 on the merits and, in effect, disallowed Claim 20 by denying leave

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to amend Claim 11. The proposed decree closing the Chapter 11 bankruptcy case contained an admission by JSJF that if the bankruptcy court's judgment were reversed, to the extent allowable, the claims would qualify for full payment under the Chapter 11 Plan.

The BAP held that the bankruptcy court's disallowance of Claim 11 under 11 U.S.C. § 502(b)(6) was an error of law. Quoting § 502(b)(6), the BAP explained that the plain language of the statute "directs the bankruptcy court to allow the claim 'except to the extent ... if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds' the formula it sets out." The BAP described § 502(b)(6) as a "landlord's cap" that may limit the amount of a lessor's claim, but does not, as the bankruptcy court seemed to believe, create a requirement for its allowance. Thus, § 502(b)(6) "becomes significant only if the claim otherwise allowable under non-bankruptcy law exceeds the cap calculated under the statute."

The BAP explained that in *Kuske v. McSheridan (In re McSheridan)*, 184 B.R. 91 (9th Cir. BAP 1995), it had "construed § 502(b)(6) as formulating a three-part test for determining what charges are 'rent reserved.'" It criticized bankruptcy courts that have read *McSheridan* to be about claims allowance or disallowance. Instead, *McSheridan* "concerns which portions of a lessor's claim are limited by § 502(b)(6)." The BAP remanded for the bankruptcy court to determine "whether the landlord's cap applies to some or all of claim 11 under *McSheridan*, and, if so, what that cap is...."

The BAP also held that the bankruptcy court abused its discretion in disallowing Claim 20 as an amendment to Claim 11. It explained that the "gravamen of [Claim 11] was the assertion of all of Wall Street's rights vis-a-vis JSJF arising out of the lease litigation which resulted in the state court judgment, and Claim 20 sought to correct the error and set forth the proper amount of Wall Street's claim." Thus, the BAP believed that Claim 20 did not assert a new theory of relief and could be construed as an amendment to Claim 11. The BAP then concluded that the bankruptcy court made an error of law in determining that JSJF's having to address the merits or pay the claim was sufficient prejudice under the Third Circuit's case in *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116 (3d Cir.1999). It remanded Claim 20 for a "determination of the claim and the extent to which it may be limited by the § 502(b)(6) cap."

The BAP also addressed the equities in this case. It explained that "JSJF's own plan of reorganization, schedules, and disclosure statement included Wall Street's claim for lease damages, and JSJF knew that Wall Street intended to assert its rights against it." Furthermore, "Wall Street's successful assertion of those rights triggered JSJF's bankruptcy filing, and it referenced the judgment by court, case number, and date in its initial timely claim, claim 11."

This court's recent opinion in *In re El Toro Materials Co., Inc.*, 504 F.3d 978, 981–82 (9th Cir.2007), explains the proper use of § 502(b)(6). We recognize that *El Toro* was filed after the bankruptcy court perhaps felt itself bound by the earlier BAP decision in *McSheridan*, which could have been read superficially as supporting at least part of its rulings.

The judgment of the BAP is affirmed, and the case is remanded to the bankruptcy court to carry out the terms of the BAP remand. Costs to the Appellee.

**AFFIRMED.**