In re Roxanna RAMEY, etc., and Mark Jenkins, etc., Debtors.

Robert Mitelhaus, Plaintiff,

v.

Roxanna Ramey and Mark Jenkins, Defendants.

Bankruptcy No. LA 11–59152 ER.
Adversary No. 12–01365 ER.

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

Signed May 5, 2014.

Mark T. Young, Donahoe & Young LLP, Valencia, CA, for Plaintiff.

David B. Lally, Lally Fishback LLP, Irvine, CA, for Defendants.

## MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO ALTER OR AMEND MEMORANDUM OF DECISION AFTER TRIAL AND JUDGMENT (D.E. 108)

ERNEST M. ROBLES, Bankruptcy Judge.

On March 8, 2012, Robert Mitelhaus ("Plaintiff") initiated an adversary proceeding by filing a complaint seeking a

determination that certain debts be held non-dischargeable as to Roxanna Ramey ("Ramey") and Mark Jenkins ("Jenkins") (collectively, the "Debtors" or "Defendants"). (D.E. 1.) The Court conducted a three day trial on October 2, 15, and 31, 2013. On February 4, 2014, the Court took the matter under submission. On April 2, 2014, the Court entered a Memorandum of Decision and Judgment in favor of the Plaintiff. (D.E. 104 and 105.)

On April 16, 2014, Plaintiff filed the instant "Motion to Alter or Amend 'Memorandum of Decision After Trial' and 'Judgment'" ("Motion"). (D.E. 108.) Plaintiff brings the Motion pursuant to Fed. R.Civ.P. 59 ("Rule 59"), made applicable to this bankruptcy case pursuant to Fed. R. Bankr.P. 9023 ("Rule 9023"). Plaintiff asserts that in considering a Rule 59(e) motion, a court is not limited to the four typical grounds for which reconsideration may be granted[1], but may also consider whether amendment is necessary as essentially a clerical task, such as incorporating undisputed facts into a judgment. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir.2011). Plaintiff asserts that the Memorandum and Judgment should be amended to correct five (5) asserted errors.

## I

### SUMMARY OF MOTION

First, Plaintiff requests that the Judgment be amended to reflect the entire amount of the Arbitration Award of $289,526.62, plus additional interest at 10% per annum ($79.3224 per day) from and after September 23, 2009, for a total Judgment in the amount of $420,487.90 as of April 2, 2014. Plaintiff also requests the Court amend the Judgment to reflect applicable interest that has accrued since April 2, 2014. Plaintiff contends that, because the Arbitration Award was confirmed by the Superior Court, the Arbitration Award is a valid California state court judgment with preclusive effect and must be afforded "full faith and credit." Plaintiff relies on Ninth Circuit case law for the proposition that even where there is properly an issue about the dischargeability of a judgment that is not determined by application of collateral estoppel, the *amount* of the judgment is fixed. *In re Sasson,* 424 F.3d 864, 872 (9th Cir.2005). To this end, Plaintiff asserts that none of the issues of law or fact litigated by the parties or determined by this Court had anything to do with the amount of the Arbitration Award. Thus, Plaintiff contends this Court should have determined the entire Arbitration Award to be nondischargeable.

Second, Plaintiff requests the Court amend the Judgment with respect to the Court's nondischargeability determination of Plaintiffs' attorneys' fees incurred in defending the KS Action in the total amount of $77,284.50 (the "KS Fees"). Plaintiff asserts that because the Arbitration Award included the KS Fees, this Court is required to include the KS Fees in the Judgment as a nondischargeable debt. Additionally, Plaintiff states that the Arbitrator found that Jenkins was liable for KS Fees on the basis that if Jenkins had properly applied the funds paid by Plaintiff to purchase errors and omissions insurance coverage, the KS Fees would have been covered by insurance and Plaintiff would not have incurred the KS

[1]. (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *See Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111–12 (9th Cir.2011).

Fees as an out-of-pocket cost. Plaintiff asserts that under applicable California law, when a defendant has wrongfully made it necessary for a party to defend a lawsuit brought by a third person, the damages caused by the defendant's improper actions include the attorney's fees incurred by that party in the defending the action involving the third party. *Prentice v. North American Title Guaranty Corp.,* 59 Cal.2d 618, 621, 30 Cal.Rptr. 821, 381 P.2d 645 (1963); *Gray v. Don Miller & Associates, Inc.,* 35 Cal.3d 498, 505, 198 Cal.Rptr. 551, 674 P.2d 253 (1984); *Brandt v. Superior Court,* 37 Cal.3d 813, 817–19, 210 Cal.Rptr. 211, 693 P.2d 796 (1985). Thus, Plaintiff contends that the direct consequence of Jenkins' wrongful act, in committing larceny as to the $3,197.00 of wrongfully withheld errors and omissions insurance, was that Plaintiff had to expend $77,284.50 in fees to defend the KS Action. Plaintiff highlights that this Court determined the $3,197.00 amount to be nondischargeable under § 523(a)(4) and contends that the resulting KS Fees should therefore be rendered nondischargeable.

Third, Plaintiff asserts that if this Court is not inclined to afford the Arbitration Award "full faith and credit," the Court should consider the additional evidence adduced at trial to conclude that the Defendants wrongfully withheld $62,000.00 worth of Nasr lease commissions and such amount should be included in the nondischargeability Judgment.

Fourth, Plaintiff states that although the Memorandum refers to prejudgment interest awarded by the Superior Court in the amount of $49,184.50, the Court should amend the Judgment to include the entire amount of prejudgment interest. In the alternative, Plaintiff indicates that if the Court is not inclined to amend the Judgment to include the KS Fees, the appropri-ate amount of prejudgment interest to be included is $24,124.48.

Finally, Plaintiff contends that to the extent the Court is not inclined to afford the Arbitration Award "full faith and credit," the Court should also amend the Judgment to render the Arbitration Award non-dischargeable as to Ramey. In support, Plaintiff cites two non-binding bankruptcy cases in which the courts imputed liability under §§ 523(a)(4) and (6) based on an agent-principal relationship. *See In re Day,* 2012 WL 4627484, 2012 Bankr.LEXIS 4708 (Bankr.D.Az.2012); *In re Palilla,* 493 B.R. 248, 256–67 (Bankr.D.Colo.2013).

## II

## DISCUSSION

■■■■ As set forth above, in general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir.2011). Amending a judgment after its entry remains an extraordinary remedy which should be used sparingly. *Id.* A motion to reconsider is not appropriate to present a new legal theory for the first time or to raise legal arguments which could have been raised earlier. *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006) *aff'd and remanded,* 277 Fed.Appx. 718 (9th Cir.2008). Additionally, a motion to reconsider is not permitted to rehash the same arguments made the first time or to simply express the opinion that the court was wrong. *Id.*

**A. The Court denies the Motion to the extent that it requests the Court reconsider its findings regarding the nondischargeability of the Arbitration Award.**

 The Court finds that Plaintiff has not demonstrated cause to reconsider the Judgment for the purpose of adopting the entire amount of the Arbitration Award as a nondischargeable debt. Plaintiff is correct that principles of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. § 523(a) and that California's preclusion laws govern the preclusive effect of a California state court judgment pursuant to 28 U.S.C. § 1738 of the Full Faith and Credit Act. *In re Baldwin*, 249 F.3d 912, 917 (9th Cir.2001) citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995). As such, a bankruptcy court can give collateral estoppel effect to those elements of a claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action. *Grogan*, 498 U.S. at 284, 111 S.Ct. 654. The party asserting the doctrine has the burden of proving that all of the threshold requirements have been met. *In re Honkanen*, 446 B.R. 373, 382 (9th Cir. BAP 2011), citing *In re Kelly*, 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir.1996).

 In this case, the Arbitration Award is comprised of several components of damages based on different conduct. Therefore, this Court was tasked with determining which components of the Arbitration Award resulted from findings that satisfied the requisite elements of § 523(a)(4) and (a)(6), and which did not. In the Motion, Plaintiff asserts that the Court impermissibly changed the "amounts" awarded by the Arbitration Award. However, the Court finds that Plaintiff is merely trying to challenge the Court's determinations with respect to the preclusive effect of the Arbitrator's findings and which amounts should be nondischargeable. Plaintiff does not present any newly discovered evidence but relies on rehashing facts which the Court was aware of in making its ruling. Additionally, Plaintiff submits no intervening changes in controlling law, and the cases cited in the Motion could have reasonably been presented at an earlier date. Therefore, the Court denies reconsideration on this basis.

**B. The Court denies the Motion to the extent that it requests that the Court reconsider its findings regarding the dischargeability of the KS Fees.**

The Court finds that Plaintiff has not demonstrated cause to reconsider the Judgment with respect to the dischargeability of the KS Fees. Plaintiff's Motion relies on: 1) the Arbitrator's inclusion of the KS Fees in the Arbitration Award in light of Jenkins' failure to purchase errors and omissions insurance; and 2) this Court's determination that the amounts withheld for errors and omissions insurance are nondischargeable.

Plaintiff misconstrues the Arbitration Award. The Arbitrator awarded the KS Fees based on a breach of contract theory and rejected Plaintiff's allegations with respect to fraud. *Plaintiff's Exhibit 11*, at p. 14. Specifically, the Arbitration Award states:

The Arbitrator does not believe that Nutec intentionally decided to "skip" the coverage during the "gap" period, but more likely Nutec simply failed to realize that the coverage had lapsed. The Negligence on the part of Nutec does not, however, excuse Nutec from non-

performance of the contractual obligation to obtain and maintain coverage. . . .

The only issue, accordingly, is whether Nutec acted fraudulently when it accepted premiums during the "gap" period from August 1, 2003 through August 6, 2004 (meaning the period when there was no coverage). The Arbitrator does not believe that Nutec intended to be "bare" of coverage during this period. The Arbitrator believes that Nutec thought it had coverage and that Mr. Jenkins and Ms. Ramey were genuinely surprised and upset to learn that the coverage had lapsed during that period. At best, the collection of premiums during the gap period was negligent.

*Id.* at pp. 14 and 27. Therefore, although the Arbitration Award entitles Plaintiff to a claim for the KS Fees, it does not render those fees nondischargeable pursuant to § 523(a)(4) or (a)(6). That determination was reserved for this Court by way of the instant adversary proceeding.

■ After a full trial, this Court determined that "Nutec's and Jenkins' taking of the [errors and omissions insurance] payments was wrongful and done with the intent to deprive Plaintiff of these sums, *to the extent that* the insurance was not purchased and the payments were not returned to Plaintiff." *Memorandum of Decision,* at p. 11 (emphasis added). Therefore, the Court determined that "the portion of the Arbitration Award attributable to Plaintiff's payment for errors and omissions insurance which was not purchased in the amount of $3,197.00 is nondischargeable pursuant to § 523(a)(4)." *Id.* However, the Court found that "there [was] no showing that [the KS Fees] should be nondischargeable pursuant to § 523(a)(4) or (a)(6)." *Id.* In making this determination, the Court considered all of the evidence set forth at trial and con-

cluded that Plaintiff did not establish by a preponderance of the evidence that the wrongful taking of the errors and omissions insurance fees occurred *prior* to the initiation of the KS Action. Based on the foregoing, the Court finds that Plaintiff has not identified any manifest injustice based on an error of law or fact. Moreover, Plaintiff does not assert that there has been any intervening change in law or newly discovered evidence. The Court denies reconsideration on this basis.

**C. The Court denies the Motion to the extent that it requests that the Court reconsider its findings regarding the dischargeability of the Nasr Lease Commissions.**

■ Plaintiff has not established entitlement to reconsideration of the Judgment with respect to the $62,000.00 in Nasr lease commissions. Plaintiff restates arguments that were previously raised and rejected by the Court without setting forth any newly discovered evidence or establishing the existence of a manifest error of fact or law. Therefore, the Court denies reconsideration on this basis.

**D. The Court grants the Motion and awards Plaintiff pre and post Judgment interest.**

■ The Court finds that the Judgment should be amended to incorporate the prejudgment interest in the Arbitration Award in the amount of $24,124.48. In its *Memorandum of Decision,* the Court indicated its inclination to include such interest in Plaintiff's nondischargeability claim, but did not do so because Plaintiff did not provide a proper method for calculating the interest in light of the Court's determination that only certain components of the Arbitration Award were nondischargeable. *Memorandum of Decision,* p. 11, n. 8. (D.E. 104.) The Court

finds that the amount awarded for pre-petition interest is an undisputed fact and Plaintiff's calculations as to the $24,124.48 is based on a straight forward calculation of percentages. Therefore, the Judgment will be amended to add $24,124.48 in pre-judgment interest to Plaintiff's nondischargeability award. For similar reasons, the Court also finds that Plaintiff is entitled to the post judgment interest awarded in the Arbitration Award based on the nondischargeable amounts. The Judgment will be amended to add $84,667.75[2] in post judgment interest as of April 2, 2014, plus interest of $51.28 per day after April 2, 2014.

**E. The Court denies the Motion to the extent that it requests that the Court reconsider its findings regarding dischargeability as to Ramey.**

 Plaintiff has not established entitlement to reconsideration of the Judgment with respect to nondischargeability as to Ramey. Plaintiff restates arguments that were previously raised and rejected by the Court without setting forth any newly discovered evidence or establishing the existence of a manifest error of fact or law. Therefore, the Court denies reconsideration on this basis.

### III

### CONCLUSION

Based on the foregoing, the Court grants the Motion to the extent it requests pre and post judgment interest. The Court awards prejudgment interest in the amount of $24,124.48 and post judgment

interest in the amount of $84,667.75 as of April 2, 2014, plus post judgment interest of $51.28 per day after April 2, 2014. The Court denies the remainder of the Motion in its entirety. The Court shall prepare an order consistent with this Memorandum of Decision and an amended Judgment to include the pre and post judgment interest award.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND MEMORANDUM OF DECISION AND JUDGMENT (D.E. 108)

For the reasons set forth fully in the Memorandum of Decision Re Plaintiff's Motion to Alter or Amend Memorandum of Decision and Judgment ("Decision") entered on May 5, 2014, the Court HEREBY GRANTS the Motion to Alter or Amend Memorandum of Decision and Judgment ("Motion") to the extent that it seeks pre and post judgment interest. The Court grants prejudgment interest in the total amount of $24,124.48 and post judgment interest in the total amount of $84,667.75 as of April 2, 2014, plus interest of $51.28 per day after April 2, 2014. The Court DENIES the remainder of the Motion in its entirety.

IT IS SO ORDERED.

---

**2.** Total Award: $187,181.80. This includes Compensatory damages of $74,399.38 ($151,-683.88 minus $77,284.50 KS Fees) + Pre-Judgment Interest of $24,124.48 + Arbitrator's Fees and Costs of $6,375.00 + Attorney's Fees and Costs in connection with Arbi-

tration of $80,742.94 + Additional Attorneys' Fees and Costs in connection with Arbitrator's award of $1,540.00. Post–Judgment interest is therefore based on the total award of $187,181.80, which is 64.650981 % of $289,526.62.