FILED

APR 24 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   EC-16-1193-TaBJu |
| | ) | |
| VISHAAL VIRK, | ) | Bk. No.   14-25512-C-13C |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VISHAAL VIRK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| RONNY DHALIWAL; SUNITA | ) | |
| DHALIWAL; DAVID CUSICK, | ) | |
| Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on March 23, 2017
at Sacramento, California

Filed – April 24, 2017

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable David E. Russell, Bankruptcy Judge, Presiding

_____

Appearances:    Peter G. Macaluso argued for appellant; Sean Gavin of Foos Gavin Law Firm, P.C. argued for appellees Ronny Dhaliwal and Sunita Dhaliwal.

_____

Before:   TAYLOR, BRAND, and JURY, Bankruptcy Judges.

_____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

Appellees Ronny and Sunita Dhaliwal filed a proof of claim for breach of a 2012 settlement agreement in Debtor Vishaal Virk's chapter 13[1] case. Debtor contends that the Dhaliwals should be judicially estopped from raising the claim because Ronny Dhaliwal failed to make appropriate disclosure in his 2007 Arizona bankruptcy case. The bankruptcy court first allowed the proof of claim over objection but subject to a potential redetermination of the claim's amount in the Dhaliwals' nondischargeability proceeding. It thereafter disagreed with Debtor's judicial estoppel theory twice: first, when it determined the claim was dischargeable; and then, when it declined to reconsider the initial claim objection order. Debtor appealed only the latter order. He fails, however, to provide us with a transcript of the original hearing where the bankruptcy court stated its findings of fact and conclusions of law. We, thus, summarily AFFIRM.

**FACTS**

**Debtor's bankruptcy petition and initial proceedings.** In Debtor's 2014 chapter 13 case, the Dhaliwals filed a proof of claim for $344,568.66, based on Debtor's breach of a 2012 settlement agreement. The settlement arose from Sunita Dhaliwal's investment in Debtor's gas station and Debtor's employment of Ronny Dhaliwal. Allegedly, Debtor did not make

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

appropriate payment on his obligations as an employer and otherwise defaulted in his obligations, and Sunita and Ronny Dhaliwal separately sued him in state court. On the eve of trial in 2012, the three parties entered into a global settlement under which Debtor was to pay a sum certain over time to the Dhaliwals. Debtor failed to make timely settlement payments.

The Dhaliwals commenced a timely adversary proceeding seeking to hold their claim nondischargeable.[2]

Debtor took an offensive as well as defensive position in relation to the Dhaliwals' claim and nondischargeability action. As most relevant here, he objected to their proof of claim, arguing, among other things, that they lacked standing to bring the claim because Ronny Dhaliwal, in his 2007 bankruptcy case, failed to schedule and disclose the money Sunita Dhaliwal invested in Debtor's gas station.

The bankruptcy court, Judge Klein presiding, resolved the claim objection after hearing; it entered an order allowing the claim as a $344,568.66 general unsecured claim, unless a different amount was determined in the adversary proceeding, and provided that $12,475 of the claim was entitled to unsecured priority status. The order referred back to oral findings at the hearing as it recited that: "Findings of Fact and Conclusions of Law [were] stated orally on the record."

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and related adversary proceeding. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

3

**Judgment in the adversary proceeding**. Meanwhile, the adversary proceeding went to trial. The bankruptcy court, Judge Russell presiding, ruled orally from the bench, determined that the Dhaliwals' claim was dischargeable, declined to otherwise alter the amount of their claim, and subsequently entered a judgment consistent with this oral ruling.

**Debtor's reconsideration motion**. Less than two weeks after entry of judgment in the adversary proceeding, Debtor filed a motion to reconsider and vacate the claim objection order.[3] After one continuance so that Debtor might "better identify the judgments and orders for which the Debtor seeks relief," the bankruptcy court, Judge Sargis presiding, continued the matter to a different department. The bankruptcy court, now Judge Klein presiding, then continued the matter to yet another department; the bankruptcy court, Judge Russell again presiding, entertained extensive oral argument and ruled from the bench. The amended civil minute order stated: "Findings of fact and conclusions of law having been stated orally on the record and good cause appearing, IT IS ORDERED that the motion is denied."

Debtor timely appealed.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

---

[3] The chapter 13 trustee opposed but played no further role in the dispute.

**ISSUE**

Whether the bankruptcy court abused its discretion in: (1) denying Debtor's motion to reconsider or vacate its order on the claim objection; and (2) declining to apply judicial estoppel.

**STANDARDS OF REVIEW**

We review for an abuse of discretion a bankruptcy court's decision on: (1) a reconsideration motion under § 502(j) and Rule 3008, Heath v. Am. Express Travel Related Servs. Co. (In re Heath), 331 B.R. 424, 429 (9th Cir. BAP 2005); (2) a Civil Rule 59 reconsideration motion, Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011); and (3) a Rule 60(b) reconsideration motion, Lal v. California, 610 F.3d 518, 523 (9th Cir. 2010); Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998). We also review for abuse of discretion the bankruptcy court's decision to apply judicial estoppel to the facts of a case. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**The scope of the appeal**. Debtor wants the Dhaliwals' claim disallowed on judicial estoppel grounds. His judicial estoppel

5

theory was well ventilated before the bankruptcy court. In his original claim objection, he asserted that the claim was property of Ronny Dhaliwal's chapter 7 bankruptcy estate. The bankruptcy court, however, overruled Debtor's objection and allowed the claim; it left open only the possibility that the amount of the claim could change as part of any decision in the nondischargeabilty proceeding.

Beyond the bare articulation of the bankruptcy court's initial ruling, we know nothing about what happened when the bankruptcy court first considered Debtor's judicial estoppel defense; Debtor did not provide us with a transcript from that critical hearing.

During the adversary proceeding, while the claim objection remained unresolved as to amount and subject to final determination in some regard, Debtor again raised judicial estoppel in his trial brief and re-asserted it at trial. The bankruptcy court, however, declined to apply judicial estoppel in connection with its determinations at the trial. We have the transcript of the trial, but it sheds no light on the initial determination by another judge of the bankruptcy court.

Finally, in his reconsideration motion and amended reconsideration motion, Debtor again argued judicial estoppel; the bankruptcy court, again, decided not to apply it. We have the transcript of the reconsideration hearing, but it again fails to explain the initial and most critical determination on the issue.

Debtor's notice of appeal identifies only one order: the order denying his motion to reconsider the order overruling his

claim objection.

An allowed or disallowed proof of claim "may be reconsidered for cause." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. And a "reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). If the time to appeal an order on a claim objection has not expired, a reconsideration request is governed by Civil Rule 59, applied in bankruptcy by Rule 9023. Wall Street Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 103 (9th Cir. BAP 2006), aff'd, 277 F. App'x 718 (9th Cir. 2008). When "the time for appeal has expired, a [§ 502(j)] motion to reconsider should be treated as a motion for relief from judgment under Bankruptcy Rule 9024." S.G. Wilson Comp. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.), 106 B.R. 628, 630 (9th Cir. BAP 1989). Rule 9024 applies Civil Rule 60 in bankruptcy proceedings.

**We summarily affirm because Debtor provided us with an incomplete record on appeal**. This case is a procedural tangle, and Debtor's excerpts of record are deficient and unhelpful. He asks us to review the bankruptcy court's decision on his motion to reconsider the order on his objection to the Dhaliwals' proof of claim. He initially provided us, however, with only limited documents: (1) the bankruptcy court's minute order denying the reconsideration motion; (2) the original proof of claim; (3) Ronny Dhaliwal's Arizona bankruptcy petition; (4) the trial transcript from the adversary proceeding; and (5) the Dhaliwals' reply to a set of interrogatories. After the Panel issued an order directing him to provide the transcript from the

7

reconsideration hearing, Debtor submitted it. He never provided:

- his underlying motion to reconsider or any of the resulting filings;
- his original objection to the Dhaliwals' claim or any of the accompanying filings; or
- the bankruptcy court's original order on his claim objection.

If this were all that was missing, we could fill in the blanks by exercising our discretion to independently review the docket.

But Debtor also did not provide us with the transcript from the hearing on his claim objection, and he now seeks reconsideration of the order resolving that objection. The order itself does not contain findings and, instead, refers to oral findings at the hearing as it states: "Findings of Fact and Conclusions of Law having been stated orally on the record."

If a bankruptcy court makes its findings of facts and conclusions of law on the record, the appellant must include the transcript as part of the excerpts of record. McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 416–17 (9th Cir. BAP 1999). Here, Debtor did not. Nor can we find a copy of the transcript on the bankruptcy court's docket. We, thus, cannot meaningfully review either the original claim objection order or the second order denying reconsideration of the claim objection order.[4] Ehrenberg v. Cal. State Univ., Fullerton Found.

---

[4] Nor did Debtor, in asking for reconsideration of Judge Klein's claim objection order, provide Judge Russell with a
(continued...)

8

(In re Beachport Entm't), 396 F.3d 1083, 1087-88 (9th Cir. 2005); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1189 (9th Cir. 2003) (failing to provide a critical transcript may result in summary affirmance).

**CONCLUSION**

Based on the foregoing, we AFFIRM.

---

[4](...continued)
transcript of the claim objection hearing.  The reconsideration hearing transcript reflects that Judge Russell was justifiably perplexed at what he was being asked to consider.  Hr'g Tr. (Feb. 16, 2016) 4:2-5 ("Now, what's got me a little bit concerned here is apparently the judgments that we're seeking to reconsider were the judgments entered by Judge Klein and not by me; is that right?").