**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-18-1015-FLS |
| EDUARDO ENRIQUE VALLEJO, | Bk. No.   2:16-bk-16833-SK |
| Debtor. | |
| EDUARDO ENRIQUE VALLEJO, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| U.S. BANK TRUST, N.A., | |
| Appellee. | |

Argued and Submitted on September 27, 2018
at Los Angeles, California

Filed – October 11, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Sandra R. Klein, Bankruptcy Judge, Presiding

————

Appearances:    Appellant Eduardo Enrique Vallejo argued pro se.

————

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Eduardo Enrique Vallejo appeals from the bankruptcy court's order granting relief from the automatic stay to creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust 13801 ("U.S. Bank"). He argues that U.S. Bank and its servicer, Caliber Home Loans Inc. ("Caliber") lacked standing to enforce the deed of trust and that he has made all of his required loan payments.

The bankruptcy court did not err. We AFFIRM.

## FACTUAL BACKGROUND[2]

### A.    Prepetition events

On or around November 10, 2004, Mr. Vallejo obtained a $315,000

————

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Mr. Vallejo does not provide excerpts of record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

loan from "GMAC Mortgage Corporation DBA ditech.com" ("GMAC"). The loan was memorialized by a promissory note ("Note"). To secure the Note, Mr. Vallejo and others executed a deed of trust ("Deed of Trust") encumbering residential real property located in Burbank, California (the "Property"). Mortgage Electronic Registration Systems, Inc. ("MERS"), as "nominee" for GMAC and its successors and assigns, was the beneficiary under the Deed of Trust.

On or around June 1, 2010, GMAC (through its nominee, MERS) assigned the Deed of Trust to GMAC Mortgage, LLC.

In January 2011, Mr. Vallejo entered into a loan modification agreement with MERS, nominee for the then-current holder of the Note, GMAC Mortgage, LLC. The modification agreement lowered the monthly loan payment.

On or around May 15, 2013, GMAC Mortgage assigned the Deed of Trust to Green Tree Servicing LLC ("Green Tree"). In February 2016, Green Tree (which was then known as Ditech Financial LLC) recorded a notice of default. It also recorded a notice of foreclosure sale against the Property, but to date, the Property has not been sold.

B.   **Bankruptcy events**

On May 23, 2016, Mr. Vallejo filed a chapter 13 petition. Ditech Financial (which at that time held the Deed of Trust) filed a proof of claim for $299,256.80.

The bankruptcy court confirmed Mr. Vallejo's amended chapter 13 plan. His payments to Ditech Financial for prepetition arrears were to total $22,389.73 over fifty-one months.

## C.     Motion for relief from the automatic stay

Ditech Financial assigned the Deed of Trust to U.S. Bank. In December 2017, Caliber, as U.S. Bank's attorney in fact, filed a motion for relief from the automatic stay ("Motion for Relief"). U.S. Bank asserted that it "is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary."

U.S. Bank sought relief from the automatic stay under § 362(d)(1) based on Mr. Vallejo's failure to make postpetition mortgage payments. It alleged that its total claim was $305,371.97 as of November 3, 2017 and that the total postpetition delinquency was $19,877.82. In support of the Motion for Relief, U.S. Bank submitted copies of the Deed of Trust, the Note, an accounting of Mr. Vallejo's postpetition loan payments, the various assignments of the Deed of Trust, and the loan modification agreement.

Mr. Vallejo objected to the motion on several grounds. He did not offer his own declaration or any other evidence in support of his legal arguments.

First, he argued that U.S. Bank did not hold the Note, was not a valid assignee of the Deed of Trust, and is not the "real party in interest."

Second, he claimed that the Deed of Trust was defective at its inception because the original lender is listed as "GMAC Mortgage Corporation dba ditech.com," but only "GMAC Mortgage Corporation" is registered in Pennsylvania, while the fictional name "ditech.com" is not.

Third, Mr. Vallejo claimed that the January 2011 modification agreement was invalid.

Finally, Mr. Vallejo argued briefly that he had not missed any postpetition payment and "has made all payments as agreed."

The bankruptcy court held a hearing on the Motion for Relief. The court granted the motion. It stated at the hearing that the movant had established its standing and that Mr. Vallejo's failure to make postpetition payments was "cause" for relief from stay.

**D.    The motion for reconsideration**

Mr. Vallejo filed a premature notice of appeal. He attached to his notice of appeal a memorandum entitled "Notice of Appeal Before Entry of Order," in which he argued that he was current on his mortgage payments.

He stated that the postpetition mortgage payments were $1,613.41, beginning June 2016. He represented that he made $1,000 payments on June 14, 2016, July 20, 2016, and August 23, 2016. He made additional payments of $613.41 on August 24, 2016, September 8, 2016, and October 5, 2016. These payments were allegedly posted as "unapplied funds," rather than regular payments. He stated that the "unapplied funds" were then

erroneously applied to prepetition payments (April 1, 2015, May 1, 2015, and June 1, 2015), rather than as postpetition payments. He also contended that the monthly payments were posted as $1,510.80, rather than $1,613.41. He did not offer a declaration or evidence to substantiate these claims.

On February 6, 2018, Mr. Vallejo filed an amended notice of appeal and request for reconsideration. He essentially repeated the arguments in the first notice of appeal and attached a copy of a ledger purporting to show his postpetition payments and balances.

The BAP motions panel construed the amended notice of appeal as a Civil Rule 60 motion for reconsideration ("Motion for Reconsideration"). It granted limited remand for the bankruptcy court to consider the motion.

U.S. Bank opposed the Motion for Reconsideration, arguing that it was not supported by newly discovered evidence and, in any event, the court properly granted the Motion for Relief based on Mr. Vallejo's failure to make postpetition mortgage payments. It attached a ledger showing Mr. Vallejo's postpetition loan history and a ledger showing the application of all postpetition payments. As of January 2018, the postpetition arrears totaled $22,514.98.

Mr. Vallejo filed a one-page reply memorandum, arguing that the opposition was "simply not truthful." He contended that the payment history provided by Caliber was incorrect and not trustworthy. His only evidence in support of this argument was a letter and payment history

from Caliber that outlined his failure to make payments; the evidence did not confirm that his payments were just a "few dollars short."

The bankruptcy court held a hearing on the Motion for Reconsideration and denied the motion for reasons stated on the record.[3] Mr. Vallejo then returned to the BAP to request a resumption of his appeal. He proceeded to file dozens of briefs, requests, and motions, primarily seeking to augment the record.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it granted U.S. Bank relief from the automatic stay?

## STANDARDS OF REVIEW

We review for an abuse of discretion a bankruptcy court's order granting relief from the automatic stay. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). Similarly, "[a] bankruptcy court's denial of a motion for

---

[3] Mr. Vallejo did not order a copy of the transcript, so it is not in the record on appeal. We assume that he did not think that the transcript was helpful to his appeal. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 681 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996) (Because it is the appellant's burden to prove error, "[w]e are entitled to presume that [an appellant who does not order a transcript] does not think the trial transcript helpful in that regard.").

reconsideration is reviewed for abuse of discretion." *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 561 (9th Cir. 2006).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

Mr. Vallejo primarily challenges U.S. Bank's standing to enforce the Deed of Trust. "Standing is a legal issue that we review de novo." *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 906 (9th Cir. BAP 2011) (citing *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 919 (9th Cir. BAP 2009)). De novo review is independent and gives no deference to the trial court's conclusions. *Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908, 915 (9th Cir. BAP 2013).

## DISCUSSION

A.    **Relief from stay requires only a "colorable" claim.**

Section 362(d)(1) provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause . . . ." The person opposing a motion for relief from stay has the

8

burden of proof on all issues except for the debtor's equity in the subject property (if a lack of equity is a basis for the motion). § 362(g).

The Bankruptcy Code does not define the term "party in interest," but we have held that this status is "determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." *In re Kronemyer*, 405 B.R. at 919 (quoting *In re Woodberry*, 383 B.R. 373, 378 (Bankr. D.S.C. 2008)); *see Cruz v. Stein Strauss Tr. #1361 (In re Cruz)*, 516 B.R. 594, 602 (9th Cir. BAP 2014) ("A 'party in interest' can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay.").

"[A] party seeking stay relief need only establish that it has a colorable claim to the property at issue." *Arkinson v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (citing *In re Veal*, 450 B.R. at 915); *see Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 105 (9th Cir. BAP 2011) ("a movant has a colorable claim sufficient to bestow upon it standing to prosecute a motion under § 362 if it either: (a) owns or has another form of property interest in a note secured by the debtor's (or the estate's) property; or (b) is a 'person entitled to enforce' . . . such a note under applicable state law").

**B.    The bankruptcy court did not abuse its discretion in granting relief from the automatic stay.**

Mr. Vallejo argues that U.S. Bank never established that it was a "party in interest" or a "real party in interest," or that it had standing to enforce the Deed of Trust. U.S. Bank offered evidence that it was the beneficiary of the Deed of Trust, in other words, that it had a claim against Mr. Vallejo's property. Mr. Vallejo offered no evidence to the contrary; his speculations are inadmissible and his legal arguments are meritless.

**1.    The Deed of Trust**

Mr. Vallejo contends that the Deed of Trust is invalid because the lender is identified as "GMAC Mortgage Corporation dba ditech.com" but the fictitious business name "ditech.com" is not registered in Pennsylvania or California. Mr. Vallejo offers no authority, however, for the proposition that the failure to register a fictitious business name affects a lender's ability to make and enforce loans or carry on its business.

**2.    The Note endorsement**

Mr. Vallejo argues that the endorsement of the Note is invalid for various reasons.

He contends that the endorsement, signed by "D. Harkness," is invalid because it appears to have a "stamped" signature instead of a "live" signature. Mr. Vallejo only offers his conjecture that the signature "appears" to be stamped. In any event, it makes no difference, because the

endorsement of a negotiable instrument does not require a "live" or "wet" signature. *See* U.C.C. § 3-204(a) ("'Indorsement' means a signature" made for specified purposes); U.C.C. § 1-201 ("'Signed' includes any symbol executed or adopted with present intention to adopt or accept a writing."); *id.* cmt. 37 ("The symbol may be printed, stamped or written . . . .").

He complains that MERS never endorsed the Note. But MERS never held the Note; rather, it was the named original beneficiary under the Deed of Trust as nominee for the holder of the Note.

Mr. Vallejo also complains that "the blank and undated endorsement of the note proves that the note did not follow the deed of trust per the recorded chain of title and the alleged assignments are therefore a nullity." This sentence is legal nonsense. The fact that the Note was endorsed in blank proves nothing of the sort.

### 3. The assignment from Ditech Financial to U.S. Bank

Mr. Vallejo questions the validity of the January 31, 2017 assignment of the Deed of Trust from Ditech Financial to U.S. Bank. He contends that the assignment is ineffective because it was created by Caliber, which acted as attorney in fact for both U.S. Bank and Ditech Financial; he also argues that Caliber did not corroborate those statuses.

Mr. Vallejo fails to explain why it was improper for Caliber to act as attorney in fact for both U.S. Bank and Ditech Financial. Furthermore, he presents no evidence to carry his burden of proof that Caliber was not the

authorized servicer or agent for either party.

**4.    U.S. Bank's authority**

Mr. Vallejo contends that the bankruptcy court should have required U.S. Bank to produce the governing documents of the LSF9 Master Participation Trust 13801 in order to establish its authority to file the Motion for Relief and enforce the Note and Deed of Trust. But the declaration filed in support of the motion stated that U.S. Bank was the trustee of the trust, and Mr. Vallejo failed to provide any evidence to the contrary. The bankruptcy court did not err in declining to force U.S. Bank to corroborate its uncontroverted declaration testimony.

**5.    Caliber's authority as U.S. Bank's servicer**

Finally, Mr. Vallejo challenges Caliber's standing to prosecute the Motion for Relief on U.S. Bank's behalf. He argues that the Caliber employee who signed the declaration to the motion did not offer evidence that Caliber is U.S. Bank's attorney in fact or that she was authorized to sign the declaration on behalf of Caliber. He also argues that there is no evidence of a trust agreement that would empower Caliber to manage trust assets for U.S. Bank.

In *Veal*, we considered the debtors' argument that a servicer lacked standing to enforce a promissory note. We noted that "[a] servicer, for example, might be delegated all its principal's rights, or it could simply be asserting its separate right to be paid out of the mortgage payments. . . .

[T]he servicer has standing to request some relief from the automatic stay." 450 B.R. at 914.

In the declaration attached to the Motion for Relief, the declarant stated under penalty of perjury that she was "employed as an Assistant Vice President by Caliber Home Loans, Inc., as attorney in fact and servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust." She also stated that she was "authorized to execute this declaration on behalf of Movant." Mr. Vallejo only offered speculation to the contrary. The declarant's statements under penalty of perjury are sufficient, even without corroboration, in the absence of any countervailing evidence. (Moreover, a witness does not need authority from a party to testify; the only requirement is that the witness be able to provide admissible evidence.) The bankruptcy court did not err.[4]

## C.     Mr. Vallejo's argument about misapplied payments is unavailing.

Mr. Vallejo also argues that Caliber misapplied his payments and that he has not missed any postpetition payments. Neither argument is supported by the evidence.

---

[4] Mr. Vallejo argues that there is no evidence that MERS, as the beneficiary under the Deed of Trust, instructed U.S. Bank to seek relief from the automatic stay. But by the time the motion was filed, MERS had assigned its beneficial interest (as nominee for GMAC) to GMAC Mortgage, LLC; GMAC Mortgage, LLC assigned its beneficial interest to Green Tree; then Ditech Financial (Green Tree's successor entity) assigned its beneficial interest to U.S. Bank. MERS was not involved when U.S. Bank sought relief from stay.

Mr. Vallejo did not adequately present this issue to the bankruptcy court. His memorandum in opposition to the Motion for Relief contained a single, conclusory sentence stating that he had "made all payments as agreed." He did not elaborate on this argument until he filed the two notices of appeal that we treated as a motion for reconsideration. By then, it was too late.

A party may not use a motion for reconsideration "to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion . . . [or] to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong." *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 104 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2006) (internal citations omitted). The court did not err in denying the Motion for Reconsideration.

Even considering the new evidence and arguments presented by Mr. Vallejo on reconsideration, the bankruptcy court did not abuse its discretion. The ledgers provided by U.S. Bank show that Caliber accounted for Mr. Vallejo's payments. His confusion arises because Caliber did not credit a particular month as paid in full until it received the entire amount due. In the meantime, it held his partial payments in a suspense account. The loan documents specifically authorize this treatment of partial payments. Because Mr. Vallejo routinely made payments less than the

14

monthly amount due (sometimes skipping months or just making a $100 payment), he fell further into arrears. In any event, Caliber's ledgers clearly show that Mr. Vallejo had postpetition arrears exceeding $19,000 as of November 2017. The evidence does not support Mr. Vallejo's contention that he has not missed any payments.

**D.    Mr. Vallejo's multitudinous motions lack merit.**

Mr. Vallejo has filed dozens of requests to supplement the record, for judicial notice, for evidentiary hearings and subpoenas, and for other relief. He also conceded at oral argument that this new evidence was not presented to the bankruptcy court. These are obvious attempts to have us consider evidence and argument that were not before the bankruptcy court and to supplement the opening brief. We will not consider any of this new evidence in the first instance on appeal or permit Mr. Vallejo to file multiple appellate briefs. *See Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) ("It is a long-standing rule in the Ninth Circuit that, generally, 'we will not consider arguments that are raised for the first time on appeal.'"(citation omitted)); *In re Edwards*, 454 B.R. at 104 ("Evidence, or purported evidence, that was not properly before the bankruptcy court is not part of the record on appeal."). All motions that Mr. Vallejo has filed to date are DENIED. We caution him that filing additional motions, other than any motions that the applicable rules authorize at this stage, may subject him to sanctions.

## CONCLUSION

The bankruptcy court did not err. We AFFIRM.