**In re Carol Faye GARNER, Debtor.**

**Carol Faye Garner, Appellant,**

v.

**Mark Shier, Appellee.**

**BAP Nos. CC–99–1432–KBMa, CC–99–1540–KBMa.**

**Bankruptcy No. SA 98–19445 LR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 20, 2000.

Decided March 22, 2000.

L. Eugene Hallsted, Fountain Valley, CA, for Carol Faye Garner, appellant.

W. Rod Stern, Irvine, CA, for Mark Shier, appellee.

Before KLEIN, BRANDT, and MARLAR, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

In this exercise of sibling rivalry, the debtor, Carol Garner ("Garner"), appeals orders overruling her objections to two claims filed by her brother, appellee Mark Shier ("Shier").

We conclude that the proofs of claim constituted prima facie evidence as to validity and amount and conclude that appellant did not rebut the evidentiary presumption despite having had an appropriate opportunity to do so. Accordingly, we AFFIRM.

### Jurisdiction

Federal subject matter jurisdiction is founded upon 28 U.S.C. § 1334(b). An objection to claim is a core proceeding that a bankruptcy judge has the power to hear and determine. 28 U.S.C. § 157(b)(2)(B). We have appellate jurisdiction over the final order determining an objection to claim. 28 U.S.C. § 158.

### Issues

1. Whether appellee's proofs of claim were "executed and filed in accordance with" the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 501 so that they were entitled to Rule 3001(f) status as prima facie evidence of validity and amount.

2. Whether appellant rebutted the Rule 3001(f) evidentiary presumption of prima facie validity and amount that results from compliance with the rules governing the filing of claims.

3. Whether appellant was deprived of the opportunity to present evidence to rebut the Rule 3001(f) evidentiary presumption of prima facie validity and amount.

### Standard of Review

■ Whether a proof of claim is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure is a question of fact that is reviewed for clear error. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.),* 178 B.R. 222, 225 (9th Cir. BAP 1995).

■ Whether evidence is sufficient to rebut an evidentiary presumption is a question of fact reviewed for clear error. *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.),* 96 B.R. 275, 277 (9th Cir. BAP 1989).

■ Whether a particular procedure comports with basic requirements of due process is a question of law that we review de novo. *GMAC Mortg. Corp. v. Salisbury (In re Loloee),* 241 B.R. 655, 659 (9th Cir. BAP 1999).

### Facts

Garner and Shier inherited property from their father. Shier is executor of the father's estate.

Shier filed timely proofs of claim in Garner's chapter 13 case, two of which are involved in this appeal. They were executed on Shier's behalf by his attorney.

The first contested proof of claim, filed in Shier's individual capacity, was an unsecured claim for $2,250, based on rent that Garner collected from a property owned in co-tenancy with Shier and not remitted to Shier.

The form of the $2,250 proof of claim had attached to it an explanatory page together with discovery materials from state court litigation between the parties, including Garner's sworn responses to interrogatories and her deposition testimony. Those materials included Garner's statements that she had collected rent on the property for the months of January through September 1997 and that she had retained the proceeds for her own expenses.

The other contested Shier proof of claim, filed as executor of his father's estate, was an unsecured claim for $30,375, the unpaid balance owed on an alleged $40,500 loan.

The form of the $30,375 proof of claim had attached to it an explanatory statement including an account and its terms, together with the father's bank books and copies of canceled checks payable to Garner.

Garner filed an objection to Shier's claims as follows:

> The basis for the Debtor's objections are that there is no valid obligation to pay and or all [sic] of said claims, the Statute of Limitations has run on any valid obligation to pay any such claims, and there are no written documents or other competent evidence of any valid obligations owed to said creditor.

The objection was not accompanied either by evidentiary support for the assertions in the objection or by authenticated copies of the proofs of claim with all attachments. Such evidence and copies are, by local rule, required to accompany all objections to claims. Local Bankr.R. 3007–1(1), C.D.Cal.

Shier responded with a declaration, accompanied by financial records relating to the $2,250 and the $30,375 claims.

At the hearing on the objections to claims, Garner proffered no evidence in support of her objection. Rather, her counsel merely argued that the proofs of claim were not accompanied by sufficient evidence to prove the existence of the debts.

The court ruled that the proofs of claim had been executed and filed in accordance with applicable rules and constituted prima facie evidence of the validity and amount of the claims. Fed.R.Bankr.P. 3001(f).

Since Garner presented no evidence to support her objections, the court ruled that she did not fulfill her burden of production to rebut the presumption. Hence, the court ignored Shier's additional evidence responding to the claim objections.

The objections were overruled, and the court denied a motion for reconsideration. These appeals ensued.

*Discussion*

The issues relate to intertwined concepts of evidentiary presumptions, procedure, local rules relating to the claims process, and admissible hearsay.

I

Appellant contends that Shier's proofs of claim do not constitute prima facie evidence of validity and amount because they were not supported by competent evidence in admissible form.

A

■ There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount. The sources of this presumption lie both in the Bankruptcy Code and in the Federal Rules of Bankruptcy Procedure.

The statute provides that a creditor may file a proof of claim. 11 U.S.C. § 501(a). Moreover, a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); *Irvine–Pacific Commercial Ins. Brokers, Inc. v. Adams (In re Irvine–Pacific Commercial Ins. Brokers, Inc.)*, 228 B.R. 245, 246 (9th Cir. BAP 1998).

The rules add that a proof of claim executed and filed in accordance with the

Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f); [1] *Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1247–48 (9th Cir.1999); *Consolidated Pioneer Mortg.*, 178 B.R. at 225; Barry Russell, Bankruptcy Evidence Manual § 301.13 (1999).

It was this Rule 3001(f) evidentiary presumption that the trial court implemented when it overruled appellant's objections.

### B

Whether the Rule 3001(f) evidentiary presumption arose depends on whether the proofs of claim were executed and filed in accordance with the Federal Rules of Bankruptcy Procedure.

### 1

Those rules provide that a proof of claim be in writing and substantially conform to the appropriate Official Form. Fed.R.Bankr.P. 3001(a).[2] The form may be executed by the creditor or the creditor's authorized agent. Fed.R.Bankr.P. 3001(b).[3] Shier's proofs of claim were in writing, on Official Form 10 ("Proof of Claim"), and executed by his attorney.

When the claim is based on a writing, there must be attached either the writing or an explanation of why or how the writing has been lost or destroyed. Fed.R.Bankr.P. 3001(c).[4] Except for evidence of proof of perfection of a security interest, Fed.R.Bankr.P. 3001(d),[5] the rules do not require that evidence be attached to the proof of claim.

### a

■ Shier's $2,250 proof of claim did not purport to be based on a writing.

The claim form was accompanied by an attachment that explained the basis for the debt, including the status of Shier and appellant as tenants in common, supplemented by fifteen additional pages consisting of appellant's sworn responses to interrogatories and appellant's deposition testimony.

Appellant contended that her interrogatory answers and deposition testimony did not show a legal obligation and indicated that she had a right of set-off. The court's adverse ruling indicates that it reached different conclusions.

In the interrogatory responses attached to the proof of claim, appellant admitted that she collected $3,500 in rent from the property in issue, spent $1,000 to paint the building, and paid an unspecified sum for property taxes.

1. Rule 3001(f) provides:

 (f) *Evidentiary Effect.* A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f).

2. Rule 3001(a) provides:

 (a) *Form and Content.* A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
 Fed.R.Bankr.P. 3001(a).

3. Rule 3001(b) provides:

 (b) *Who May Execute.* A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.
 Fed.R.Bankr.P. 3001(b). (Rules 3004 and 3005 relate to filing of claims by debtor or trustee on behalf of a creditor and by guarantors, sureties, endorsers, or other co-debtors.)

4. Rule 3001(c) provides:

 (c) *Claim Based on a Writing.* When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
 Fed.R.Bankr.P. 3001(c).

5. Rule 3001(d) provides:

 (d) *Evidence of Perfection of Security Interest.* If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.
 Fed.R.Bankr.P. 3001(d).

In her deposition testimony, appellant merely said that she used the balance of the rent money for her personal expenses and that she thought it was fair because Shier (the executor of the estate) was collecting rent on a house. No details about the ownership of the other property were established.

The court viewed the explanatory statement, coupled with the discovery materials, as complying with the minimal requirements of the rules governing proofs of claims. This was not error.

b

■ As Shier's $30,375 proof of claim also did not purport to be based on a writing, appellant's focus upon the absence of specific loan documents similarly misses the point.

The claim is based on the assertion that $40,500 was transferred to appellant by her father on or about January 27, 1993, under terms that called for her to repay $40,500 over ten years, in equal monthly installments of $337.50, and that thirty such installments were actually paid, thereby reducing the unpaid principal to $30,375.

The claim form had attached to it an explanatory statement, including an account and its terms, together with copies of bank records showing a withdrawal of $25,686.07 from a savings account and of two contemporaneous checks drawn in favor of appellant in the amounts of $12,-202.49 and $902.48.

The court scrutinized the proof of claim for compliance with the requirements of the rules and deemed the statement of the basis of the claim, as supplemented by records indicative of transfers consistent with a loan, as meeting the minimal requirements of a proof of claim. We agree and find no error.

2

■ We reject appellant's contention that the absence of Shier's signature on the proofs of claim deprives them of evidentiary value and reduces them to the status of an unverified pleading.

Comparison of Rule 3001(b) with 3001(f) reveals that the execution of a proof of claim by the claimant's attorney does not deprive it of evidentiary value. First, Rule 3001(b) authorizes a proof of claim to be executed by an attorney. Second, Rule 3001(f) provides that a proof of claim that has been executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim.

A proof of claim that is executed by a claimant's attorney pursuant to the authority of Rule 3001(b) necessarily qualifies as having been executed and filed "in accordance with" the rules. Thus, execution of a proof of claim form by an attorney does not disqualify a claim for status as prima facie evidence.

In short, a proof of claim executed by an attorney has an evidentiary effect similar to that of a verified complaint. Appellant's analogy to an unverified complaint in a federal civil action (or adversary proceeding) is not apposite.

We perceive no error in the conclusion that the proofs of claim were executed and filed in accordance with the rules, with the consequence that the claims were entitled to the Rule 3001(f) prima facie evidence presumption as to validity and amount.

II

The next question is whether appellant did enough to negate the effect of the Rule 3001(f) evidentiary presumption.

■ The presumption treating the proof of claim as prima facie evidence of validity and amount operates to create a mere rebuttable presumption. If rebutted, then the ultimate burden of proof is on the claimant. *E.g., In re Sierra Steel, Inc.,* 96 B.R. at 277.

■ The mechanics of what it takes to rebut the presumption are driven by the nature of the presumption as "prima facie"

*evidence* of the claim's validity and amount. The proof of claim is more than "some" evidence; it is, unless rebutted, "prima facie" evidence. One rebuts evidence with counter-evidence.

The difficulty in this instance is that appellant proffered no evidence whatsoever, choosing instead to stand on a mere formal objection that the proofs of claim were not good enough.

The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991). In effect, one who chooses to make a mere formal objection is electing to narrow the issue to whether the proof of claim is executed and filed in accordance with the rules.

Here, appellant's mere formal objection, which placed in question the narrow issue of whether the proofs of claim were executed and filed in accordance with the rules, was not adequate to rebut the Rule 3001(f) evidentiary presumption that followed from the trial court's affirmative answer to that question.

The trial court did not err when it concluded that Shier's prima facie evidence had not been rebutted. It was not required to consider the controversy on its full-blown merits with the ultimate substantive burden of proof on the claimant.[6]

## III

This brings us to the question whether the procedure utilized was sufficient to afford appellant the opportunity to rebut the Rule 3001(f) evidentiary presumption.

Appellant contends that she was deprived of the opportunity to present evidence. This assertion must be assessed in the context of claim objection procedure.

## A

Basic claim objection procedure requires that an objection to claim be in writing and be filed. Fed.R.Bankr.P. 3007.[7]

Once a claim objection is filed, the court determines the amount actually owed after notice and a hearing. 11 U.S.C. § 502(b); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 900–01 (9th Cir. BAP 1993).

An objection to claim is a "contested matter" governed by Federal Rule of Bankruptcy Procedure 9014. *See* Advisory Committee Note to Rule 3007;[8] *United States v. Levoy (In re Levoy)*, 182 B.R. 827, 834 (9th Cir. BAP 1995).

What matters about the procedural status of an objection to claim as a "contested matter" is that Rule 9014 classifies the objection as a "motion" for purposes of Federal Rule of Civil Procedure 43(e).

Evidence on motions may be taken by way of affidavit pursuant to Civil Rule 43(e). Fed.R.Bankr.P. 9017 (Fed.R.Civ.P. 43 applies in bankruptcy).[9]

---

**6.** We note a red herring in the record. Although appellant argues that Shier filed inadmissible evidence in response to the claim objection, it is conceded the court ignored the evidence.

**7.** Rule 3007 ("Objections to Claims") provides:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed.R.Bankr.P. 3007.

**8.** The Advisory Committee Note to Rule 3007 states, in relevant part:

The contested matter initiated by an objection to a claim is governed by [R]ule 9014, unless a counterclaim by the trustee [or other objecting party in interest] is joined with the objection to the claim.

Fed.R.Bankr.P. 3007, Advisory Committee Note.

**9.** Civil Rule 43(e) provides:

(e) *Evidence on Motions.* When a motion is based on facts not appearing of record

■ When, as here, the court is permitted to take evidence by affidavit and the time for presenting affidavits has passed, the hearing that occurs on the merits need only be for purposes of entertaining argument based on the evidentiary record that has been established by affidavit or deposition. Whether to take actual testimony in open court is a matter of judicial discretion exercised in the context of the particular situation.

■ When no evidence is proffered to rebut the prima facie evidentiary showing attendant to a properly executed and filed proof of claim, a trial court does not ordinarily abuse its discretion by ruling on the merits of an objection to claim without taking testimony in open court.

### B

■ The focus then shifts to whether appellant had an opportunity, consistent with principles of due process, to proffer evidence to support her objection to claim.

The trial court required that evidence sufficient to rebut the Rule 3001(f) evidentiary presumption be filed in written form before the hearing. In doing so, it implemented a local rule regulating the timing and manner of presenting evidence in support of objections to claims.

Specifically, the Central District of California has prescribed by Local Bankruptcy Rule 3007–1(1) that objections to claims be supported by admissible evidence that is filed with the objection. Local Bankr.R. 3007–1(1).[10]

This local rule invokes Civil Rule 43(e) with respect to objections to claims. Further, it requires that affidavits designed to

rebut the Rule 3001(f) evidentiary presumption accompany the objection to claim.

The three-part test for the validity of a local bankruptcy rule is: (1) whether it is consistent with Acts of Congress and the Federal Rules of Bankruptcy Procedure; (2) whether it is more than merely duplicative of such statutes and rules; and (3) whether it prohibits or limits the use of the Official Forms. Fed.R.Bankr.P. 9029(a)(1).

Additionally, there is a rule of construction which states that mere requirements of form in local rules are not to be enforced in a manner that would deprive a party of rights because of a nonwillful failure to comply. Fed.R.Bankr.P. 9029(a)(2).

Under the prescribed test and rule of construction, Local Rule 3007–1(1) plainly passes muster as a regulation of the timing and manner of presenting affidavit evidence on a preliminary matter that is more than a mere matter of form.

Not only is Local Rule 3007–1(1) consistent with judicial power to control schedules and to require that motion evidence be by affidavit, but it also has close analogues in the rules of procedure. For example, motions for ex parte temporary restraining orders must be supported by specific facts shown by affidavit or by verified complaint. Fed.R.Civ.P. 65(b), *incorporated by* Fed.R.Bankr.P. 7065. In addition, the opponent of a properly supported motion for summary judgment cannot rest upon mere allegations or denials in a pleading. Fed.R.Civ.P. 56(e), *incorporated by* Fed.R.Bankr.P. 7056 & 9014.

---

the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition.
Fed.R.Civ.P. 43(e).

10. That local rule provides:
(1) Evidence Required. All objections to claims shall be supported by admissible evidence, and shall be accompanied by a copy

of the proof of claim objected to, with all attachments. All such copies of proofs of claim shall be authenticated by declaration. For objections on the ground that the claim was filed after the claims bar date, copies of the appropriate notice of the bar date are also required, and shall be authenticated by declaration.
Local Bankr.R. 3007–1(1), C.D.Cal.

The local rule supplements Bankruptcy Code § 502(b) and Rule 3007 by adding greater specificity about how one goes about objecting to a claim. 11 U.S.C. § 502(b); Fed.R.Bankr.P. 3007. It is consistent with those provisions, does not duplicate them, and does not limit the use of an Official Form.

Further, the local rule appropriately addresses a preliminary matter and is more than a mere requirement of form. It requires that the initial limited evidentiary showing on the objection—a showing sufficient to rebut the Rule 3001(f) presumption and shift back to the claimant the burden of going forward—be in writing and filed as part of the objection package. It does not purport to preclude the objecting party from later presenting additional evidence after the claimant has proceeded on the merits.

So construed, Local Rule 3007–1(1) comports with due process, Acts of Congress, and controlling national rules.

Nor was the local rule applied in a manner that deprived appellant of process that was due. Since appellant made no attempt at any time to present admissible evidence in writing, we are not presented with a situation in which the judge refused to consider evidence that was actually proffered by the objecting party. Rather, appellant did not avail herself of the opportunity that was afforded.

### C

Appellant's rationalization for not proffering admissible evidence—that it was impossible to do so because any affidavit designed to rebut the Rule 3001(f) presumption would necessarily have constituted inadmissible hearsay—proves too much.

We agree that a party's testimonial affidavit often fits the literal definition of hearsay: an out of court statement offered by the declarant to prove the truth of its contents.[11] Fed.R.Evid. 801(c). We do not agree that it would be inadmissible.

Hearsay is admissible whenever permitted either by the hearsay exceptions in the Federal Rules of Evidence or by other rules promulgated by the Supreme Court pursuant to statutory authority or by Act of Congress. The "other rules" clause of Federal Rule of Evidence 802 applies here. Fed.R.Evid. 802;[12] RUSSELL, *supra,* § 802.1.

Civil Rule 43(e), which was prescribed by the Supreme Court under the Rules Enabling Act, is within the "other rules" clause of Federal Rule of Evidence 802 and operates to create a hearsay exception for evidence on motions. 28 U.S.C. §§ 2071–77; 5 JOSEPH MCLAUGHLIN, ED., WEINSTEIN'S FEDERAL EVIDENCE § 802.07[2] (1999).

 Thus, in bankruptcy contested matters, affidavit testimony that is based on personal knowledge of the witness is *admissible hearsay* on the authority of Federal Rule of Evidence 802 and Civil Rule 43(e).

The hearsay exception for affidavits in support of motions is a limited exception that does not otherwise eviscerate the hearsay rule in motions practice. The restrictions on hearsay within hearsay remain fully applicable. Fed.R.Evid. 805.[13]

---

**11.** Federal Rule of Evidence 801(c) provides:
 (c) *Hearsay*. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
Fed.R.Evid. 801(c).

**12.** Federal Rule of Evidence 802 ("Hearsay Rule") provides:
 Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed.R.Evid. 802.

**13.** Federal Rule of Evidence 805 ("Hearsay Within Hearsay") provides:
 Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.

Hence, statements within affidavits remain objectionable to the extent they would constitute inadmissible hearsay if the witness were testifying in open court.

In short, there is no impediment in the law of evidence to an affidavit supporting appellant's objections to claims.

We conclude that appellant had an appropriate due process opportunity to tell her story under oath. Any error was that of appellant, not of the trial court.[14]

## CONCLUSION

Appellant did not meet her burden to produce evidence sufficient to rebut the Rule 3001(f) evidentiary presumption of validity afforded to the proofs of claim. Therefore, the trial court did not err when it overruled the objections.

The orders are AFFIRMED.

Fed.R.Evid. 805.

14. Two miscellaneous matters may be disposed of summarily. Appellant has, by silence, abandoned her appeal from the order denying relief on reconsideration.

Second, appellee seeks sanctions under Fed.R.Bankr.P. 9011 for a frivolous appeal. That rule does not apply to appeals. The sanctions rule governing frivolous appeals is Fed.R.Bankr.P. 8020, which requires a separate motion. None has been filed.