**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   NC-16-1400-FBJu |
| | ) | |
| JAMES EMERSON DAVIS, | ) | Bk. No.   16-10249 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES EMERSON DAVIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| CSMC MORTGAGE-BACKED PASS- | ) | |
| THROUGH CERTIFICATES, SERIES | ) | |
| 2007-3, U.S. BANK NATIONAL | ) | |
| ASSOCIATION, as Trustee c/o | ) | |
| Specialized Loan Servicing, | ) | |
| LLC, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and submitted on June 22, 2017
at San Francisco, California

Filed – July 14, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Appearances:     Christopher J. Neary argued on behalf of
appellant; Jonathan D. Fink of Wright Finlay & Zak
LLP argued on behalf of appellee.

Before: FARIS, BRAND, and JURY, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have, see Fed. R. App. P. 32.1, it has no precedential value, see
9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 11[1] debtor James Emerson Davis appeals the bankruptcy court's order overruling his objection to a proof of claim filed by the appellees. On appeal, he does not challenge the substance or validity of the proof of claim, but only argues that the case should be remanded to the bankruptcy court with instructions to hold an evidentiary hearing on his objection. Mr. Davis did not present the bankruptcy court with any evidence, let alone sufficient evidence to suggest that a full evidentiary hearing was necessary. Accordingly, we AFFIRM.

**FACTUAL BACKGROUND**

**A. Prepetition events**

In April 2006, Mr. Davis borrowed $461,300.00 from First National Bank of Arizona. He executed a promissory note naming the bank as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. The promissory note was secured by a deed of trust encumbering real property located in Potter Valley, California (the "Property").

In May 2012, MERS assigned all beneficial interest under the deed of trust to Bank of America, N.A. In 2013, the beneficial interest was assigned to CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-3, U.S. Bank National Association as Trustee ("CSMC") c/o Specialized Loan Servicing, LLC ("SLS") (collectively "Appellees").

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Mr. Davis defaulted on the loan. In November 2013, he filed a lawsuit in the state court seeking to quiet title to the Property. He claimed that Appellees lacked standing to enforce the promissory note, that an allonge to the note was invalid, and that the assignment to Appellees was defective.[2] The state court granted Appellees summary judgment and dismissed the case in July 2015. That case is currently on appeal.

**B.   Mr. Davis' bankruptcy filing and Appellees' proof of claim**

On March 25, 2016, Mr. Davis filed his chapter 11 petition in the bankruptcy court for the Northern District of California. In April 2016, he initiated an adversary proceeding for declaratory relief to determine the validity of the promissory note. He argued that Appellees had no rights under the note because mere possession of the promissory note without a valid endorsement was ineffective.

Appellees moved to dismiss the adversary proceeding. They contended that the promissory note, allonge, and assignments were valid. They also argued that the state court had already decided the same issues and that res judicata prevented the relitigation of Mr. Davis' claims.

While the motion to dismiss was pending, Mr. Davis filed a motion for summary judgment seeking a declaration that Appellees could not enforce the promissory note. He essentially restated

---

[2] Among other things, Mr. Davis presented the declaration of a forensic specialist who stated that the allonge was not physically attached to the promissory note, deposition testimony of a U.S. Bank representative who could not state how U.S. Bank came into physical possession of the promissory note, and a copy of an allegedly conflicting second allonge.

3

the arguments he made before the state court.

Following a hearing on the motion to dismiss, the bankruptcy court abstained from the adversary proceeding in light of the identical proceedings in the state court. It dismissed the adversary proceeding without prejudice.

Appellees filed a proof of claim (the "Claim") for $606,566.16. They attached detailed information regarding the debt, including copies of a loan payment history, the promissory note, an allonge to the note, the deed of trust, the assignment of the deed of trust from MERS to Bank of America, the corrective assignment of the deed of trust from Bank of America to Appellees, and an escrow account disclosure statement. The allonge contained three endorsements: (1) by First National Bank of Arizona to the order of First National Bank of Nevada; (2) by First National Bank of Nevada to the order of Countrywide Home Loans; and (3) a blank endorsement by Countrywide Home Loans.

**C.   Mr. Davis' objection to the proof of claim**

Mr. Davis filed his objection to Appellees' Claim (the "Objection"), in which he admitted that he executed the promissory note and deed of trust. However, he objected to Appellees' standing because: (1) the allonge was suspicious and not affixed to the promissory note; (2) SLS filed the Claim and did not provide evidence of its relationship to CSMC; and (3) SLS did not prove how it came into possession of the promissory note. Mr. Davis did not include any declaration or other evidence with his Objection (other than copies of the Claim and the exhibits attached thereto).

In response to the Objection, Appellees submitted a

4

declaration from an SLS representative who stated that: (1) SLS was the servicer of the loan on behalf of CSMC; (2) SLS was in possession of the note and allonge; (3) the allonge was endorsed in blank and affixed to the note; (4) SLS was the holder of the note and allonge on behalf of CSMC on the petition date; and (5) Appellees have not assigned or transferred the note to any other person or entity.

The bankruptcy court held a hearing on the Objection. At the outset, the bankruptcy court indicated that it would take the matter under submission. It invited argument from both parties, and counsel for Mr. Davis reiterated his argument that Appellees had not proven that they were the holder of the promissory note and that they had validly come into possession of the promissory note; he also argued that SLS did not prove an agency relationship with CSMC.

At the conclusion of the parties' arguments, Mr. Davis' counsel said that he stood on the filed Objection. He did not ask for a further hearing:

> MR. FALLON: . . . . We are relying on the Veal decision, Your Honor, and I — well, we'll stand on what we have before Your Honor.

> THE COURT: Okay, the matter is under submission. I will have a written decision within ten days.

> MR. FALLON: Great. Thank you very much, Your Honor.

On August 30, 2016, the bankruptcy court issued its written memorandum overruling the Objection. It said that Appellees had filed a proof of claim that was entitled to a presumption of validity. Mr. Davis had to "come forward with sufficient evidence and show facts tending to defeat the claim by probative

5

force equal to that of the allegations of the proofs of claim themselves." However, "[s]ince Davis has not produced anything sufficient to call into question the validity of the claim itself, the only issue for the court to decide is whether [SLS] is the creditor or authorized agent."

In considering whether SLS may enforce the promissory note, the bankruptcy court relied on this Panel's decision in Zipser v. Ocwen Loan Servicing, LLC (In re Zipser), BAP No. CC-15-1258-FTaKu, 2016 WL 1168736 (9th Cir. BAP Mar. 23, 2016). It said that Appellees "established that [First] National Bank of Arizona endorsed the note in favor of First National Bank of Nevada, which endorsed the note in favor of Countrywide Home Loans, Inc., which endorsed the note in blank, and that SLS now holds the note. SLS accordingly has standing to enforce the note . . . ." It further noted that Zipser does not require that SLS show exactly how it had come into possession of the promissory note. Accordingly, the bankruptcy court overruled the Objection and issued its order ("Claim Order") to that effect.

**D.   Mr. Davis' motion for reconsideration**

Mr. Davis filed a motion seeking reconsideration of the Claim Order ("Motion for Reconsideration"). His counsel, Michael C. Fallon, said that he was caught by surprise at the hearing on the Objection because he expected the court to set an evidentiary hearing at a later date. He repeated his arguments concerning the validity of the promissory note, allonge, and assignments.

Mr. Davis did not attach any exhibits to his Motion for Reconsideration, but he simultaneously filed a request for judicial notice, in which he asked the bankruptcy court to take

6

judicial notice of the parties' filings and exhibits relating to his earlier motion for summary judgment in the adversary proceeding.

At the hearing on the Motion for Reconsideration, special appearance counsel for Mr. Davis explained that Mr. Fallon was surprised that the court did not set a separate evidentiary hearing on the contested claim and instead ruled without receiving any evidence. Counsel conceded that Mr. Fallon "perhaps . . . should have spoken up then and perhaps we could have avoided this motion, but he didn't. And — but I think it's understandable why he didn't."

The bankruptcy court disagreed. It stated, "there is no point in having an evidentiary hearing if the debtor can't overcome the initial presumption. And I had no problem saying that the debtor didn't do that." It also did not accept the argument that it had deviated from its usual procedure.

The bankruptcy court issued an order ("Reconsideration Order") denying the Motion for Reconsideration. Mr. Davis timely filed his notice of appeal from both the Claim Order and the Reconsideration Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in overruling Mr. Davis' Objection without holding an evidentiary hearing.

(2) Whether the bankruptcy court erred in denying Mr. Davis'

7

Motion for Reconsideration.

**STANDARD OF REVIEW**

We review for abuse of discretion the bankruptcy court's decision whether to hold an evidentiary hearing. Garner v. Shier (In re Garner), 246 B.R. 617, 624 (9th Cir. BAP 2000). We also review for abuse of discretion the denial of a motion for reconsideration. N. Alaska Envtl. Ctr. v. Lujan, 961 F.2d 886, 889 (9th Cir. 1992).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887–88 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261–62).

**DISCUSSION**

**A. The scope of this appeal is limited to whether the bankruptcy court was required to hold an evidentiary hearing.**

This appeal concerns only whether the bankruptcy court should have held an evidentiary hearing on the Objection.

8

Mr. Davis' appellate briefs state that he "does not seek the adjudication as to whether the claim is or is not valid, but instead seeks to have the matter be [sic] remanded to the Bankruptcy Court to address the evidence rather than allow this contested matter to be adjudicated upon a summary basis." Mr. Davis muddies the water a bit by rehashing his arguments about the merits of the Claim, but the bankruptcy court did not address those arguments so we will not consider them.

**B.   Mr. Davis did not raise a factual dispute sufficient to overcome the Claim's presumption of validity and require an evidentiary hearing.**

A creditor's proof of claim, if properly executed, enjoys a rebuttable presumption of validity. We have stated:

> There is an evidentiary presumption that a correctly prepared proof of claim is valid as to liability and amount. The sources of this presumption lie both in the Bankruptcy Code and in the Federal Rules of Bankruptcy Procedure.
>
> The statute provides that a creditor may file a proof of claim. 11 U.S.C. § 501(a). Moreover, a claim, proof of which is filed under § 501, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); Irvine-Pacific Commercial Ins. Brokers, Inc. v. Adams (In re Irvine-Pacific Commercial Ins. Brokers, Inc.), 228 B.R. 245, 246 (9th Cir. BAP 1998).
>
> The rules add that a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.), 165 F.3d 1243, 1247-48 (9th Cir. 1999); [Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.), 178 B.R. 222, 225 (9th Cir. BAP 1995)]; Barry Russell, Bankruptcy Evidence Manual § 301.13 (1999).

In re Garner, 246 B.R. at 620-21.

In order to overcome the presumption of validity, an objector must rebut the presumption with evidence. Because

9

Mr. Davis failed to offer any evidence to support his Objection, the bankruptcy court did not err by ruling on the Objection without holding an evidentiary hearing.

### 1. Mr. Davis failed to offer any evidence that would overcome the presumption of validity.

Mr. Davis does not dispute that he did not present any evidence in support of his Objection to the bankruptcy court. Rather, he argues that the bankruptcy court should have set an evidentiary hearing and allowed him to present his evidence at that hearing. He also argues that he did not have to produce evidence with the Objection, just that he must submit evidence "at some point." We disagree on all counts.

Garner involved a similarly defective objection to a creditor's proof of claim. In that case, a brother filed two proofs of claim in his sister's chapter 13 case. 246 B.R. at 619-20. The debtor filed a brief objection, claiming, among other things, that there was no written documentation of the obligations. The objection did not include any evidentiary support for the assertions therein. Id. at 620. The court overruled the objection and held that, because the debtor did not present evidence to support her objection, she did not fulfill her burden of production to rebut the presumption of validity. Id.

The Panel affirmed. The Panel determined that the claims were entitled to the Rule 3001(f) prima facie evidentiary presumption as to validity and amount. Id. at 622.

The Panel held that the debtor's objection - without evidence - was not sufficient to rebut the evidentiary

10

presumption of validity. It noted: "The proof of claim . . . is, unless rebutted, 'prima facie' evidence. One rebuts evidence with counter-evidence." Id. at 623. The debtor's decision not to offer evidence "narrow[ed] the issue to whether the proof of claim is executed and filed in accordance with the rules." Id. at 623. Accordingly, the objection "was not adequate to rebut the Rule 3001(f) evidentiary presumption" and the bankruptcy court "was not required to consider the controversy on its full-blown merits . . . ." Id.

Because the debtor had not offered any evidence to support her objection, the Panel held that the bankruptcy court was not required to hold an evidentiary hearing:

> When, as here, the court is permitted to take evidence by affidavit and the time for presenting affidavits has passed, **the hearing that occurs on the merits need only be for purposes of entertaining argument based on the evidentiary record that has been established by affidavit or deposition. Whether to take actual testimony in open court is a matter of judicial discretion** exercised in the context of the particular situation.
>
> **When no evidence is proffered to rebut the prima facie evidentiary showing attendant to a properly executed and filed proof of claim, a trial court does not ordinarily abuse its discretion by ruling on the merits of an objection to claim without taking testimony in open court.**

Id. at 624 (emphases added).

Garner is controlling. In the present case, Mr. Davis contends that he should have been allowed an opportunity – after filing his Objection and after the hearing on the Objection - to present evidence rebutting that presumption. He is wrong for a number of reasons.

As we stated in Garner, "[o]ne rebuts evidence with counter-

11

evidence." Id. at 623. Mr. Davis did not offer **any** evidence to support his Objection.[3] "The consequence of the status of the proof of claim as constituting prima facie evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection without more." Id.

Because Mr. Davis did not produce evidence with his Objection to rebut the presumption of validity, the bankruptcy court was not required to hold a second hearing to entertain evidence. The bankruptcy court was only required to hold a hearing "for the purposes of entertaining argument **based on the evidentiary record that has been established** by affidavit or deposition." Id. at 624 (emphasis added). As in the present case, "[w]hen no evidence is proffered to rebut the prima facie evidentiary showing attendant to a properly executed and filed proof of claim, a trial court does not ordinarily abuse its

---

[3] Mr. Davis argues that the bankruptcy court should have taken judicial notice of the evidence that he had filed with his motion for summary judgment in the adversary proceeding (from which the court abstained). We reject this argument for three reasons. First, the evidence was not before the bankruptcy court in the main bankruptcy case; it was filed in the dismissed adversary proceeding. The bankruptcy court had no duty to scour its docket in a related case to find support for Mr. Davis' Objection. Second, he did not even call the court's attention to this evidence until he filed his Motion for Reconsideration. The bankruptcy court was not obligated to accept on reconsideration new evidence that Mr. Davis could have raised with his Objection. See Fadel v. DCB United LLC (In re Fadel), 492 B.R. 1, 18 (9th Cir. BAP 2013). Third, a court can only take judicial notice of a fact that is "not subject to reasonable dispute . . . ." Fed. R. Evid. 201(b). A court can take judicial notice that a particular document was filed on a particular day; it may not take judicial notice of the contents of that document.

12

discretion by ruling on the merits of an objection to a claim without taking testimony in open court." Id.

Simply stated, Mr. Davis had his chance to offer evidence in support of his Objection but failed to do so. Garner is clear that the bankruptcy court was not required to hold an evidentiary hearing to allow Mr. Davis to correct his mistake.

## 2. **Veal does not require the bankruptcy court to hold an evidentiary hearing**.

Mr. Davis relies heavily on our decision in Veal v. American Home Mortgage Servicing, Inc. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011), for the proposition that the burden shifted back to Appellees once he challenged their standing to enforce the note. In Veal, we said that, when a debtor affirmatively questions the standing of a servicer to enforce a promissory note, the servicer must present evidence of its agency or relationship with the creditor or evidence that the servicer or creditor was a "person entitled to enforce" the note. 450 B.R. at 919. Because the servicer did not produce sufficient evidence of its standing to enforce the promissory note, we held that the bankruptcy court erred in overruling the debtors' objection.

Although Mr. Davis' representation of the holding of Veal is accurate, it does not help him because it is factually distinguishable from the present appeal. In that case, the servicer did not state under oath that it was the creditor's agent entitled to enforce the promissory note. Id. at 921. It also did not authenticate the documentary evidence that it provided to the court. Id. at 903-04. In this case, SLS provided copies of the promissory note, deeds of trust,

13

endorsements, and assignments; it authenticated the promissory note and endorsements by declaration under oath. It also stated by declaration testimony that it was the servicer for CSMC and was in possession of the note and the allonge containing the blank endorsement. In other words, Appellees produced evidence that they were entitled to enforce the note. In the absence of any contrary evidence, an evidentiary hearing was unnecessary.[4]

### 3. The bankruptcy court did not improperly rely on the state court judgment.

Mr. Davis contends that the bankruptcy court improperly relied on the state court judgment in favor of Appellees on identical issues. He points to the bankruptcy court's remarks at the hearing on the Objection. We disagree.

There is no discussion of the state court proceeding in the memorandum decision or Claim Order, other than to note its existence. In fact, the court explicitly stated that it was **not** relying on the state court decision: "Davis made the argument in state court and lost; he is appealing that ruling. **Without deciding if the court must give the state court decision preclusive effect**, the court finds that Davis has produced nothing here sufficient to overcome the presumption of validity of the claim." (Emphasis added.) The court's written decision superseded its oral comments. See Rawson v. Calmar S.S. Corp.,

[4] In Veal, we acknowledged that it was up to the bankruptcy court to determine whether to hold an evidentiary hearing regarding standing to enforce the note. 450 B.R. at 922 ("On remand, the determination of who is the 'person entitled to enforce' the Note, and of AHMSI's alleged authorization to service the Veal Loan, may necessitate an evidentiary hearing, but we leave that decision to the bankruptcy court.").

14

304 F.2d 202, 206 (9th Cir. 1962) (stating that the court's oral "comment is superseded by the findings of fact. The trial judge is not to be lashed to the mast on his off-hand remarks in announcing decision prior to the presumably more carefully considered deliberate findings of fact").

## C. The bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.

Mr. Davis argues that the bankruptcy court abused its discretion when it denied his Motion for Reconsideration. He fails to articulate any ground that would require the bankruptcy court to reconsider the Claim Order.

Civil Rule 60(b)(1), made applicable through Rule 9024, allows for reconsideration only upon a showing of "mistake, surprise, or excusable neglect[.]" A party may not use a motion for reconsideration "to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion . . . [or] to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong." Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 104 (9th Cir. BAP 2006), aff'd and remanded, 277 F. App'x 718 (9th Cir. 2006) (internal citations omitted).

Mr. Davis argues that his attorney was surprised that the bankruptcy court did not set an evidentiary hearing.[5] But

_____

[5] Mr. Davis argues excusable neglect for the first time on appeal. But he never made this argument in the bankruptcy court. We will not review an issue in the first instance on appeal. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d (continued...)

15

Mr. Fallon never requested that the court hold an evidentiary hearing and did not object to the court taking the Objection under advisement; at the hearing, he explicitly told the court that "we'll stand on what we have before Your Honor." When the court announced that it was taking the matter under submission and would issue a written decision, he responded, "Great. Thank you very much, Your Honor." It is disingenuous to claim that he was blindsided when the court issued a decision.

Mr. Davis contends that Mr. Fallon did not speak up at the hearing on the Objection because the court had announced at the outset that it would take the matter under advisement and he did not want to anger the court by trying to argue. This is also disingenuous. The court did not prevent the parties from orally presenting their arguments. Mr. Fallon made oral arguments and then explicitly rested on his filings. He cannot complain that the court failed to hold an evidentiary hearing that he did not timely request.

Therefore, the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, the bankruptcy court did not err in finding that Mr. Davis failed to rebut the Claim's presumption of validity and declining to hold an evidentiary hearing on Mr. Davis' Objection. Accordingly, we AFFIRM.

---

[5](...continued)
955, 957 (9th Cir. 1989) ("appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts").

16