

FILED

AUG 21 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>T-SHACK, INC.,<br><br>　　　　　　　Debtor. | BAP No. NV-22-1203-BGL<br><br>Bk. No. 22-11197-mkn |
| T-SHACK, INC.,<br>　　　　　　　Appellant,<br>v.<br>NEWREZ LLC, dba SHELLPOINT<br>MORTGAGE SERVICING,<br>　　　　　　　Appellee. | **MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before: BRAND, GAN, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Appellant, chapter 11[1] debtor T-Shack, Inc., appeals an order overruling its objection to the claim filed by NewRez, LLC, dba Shellpoint Mortgage Servicing ("NewRez"). The bankruptcy court determined that T-Shack failed to rebut the prima facie validity and amount of NewRez's claim, and therefore it

---

　　　* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

　　　[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

1

would be allowed in its entirety. We agree that T-Shack did not rebut the evidentiary presumption despite having had an appropriate opportunity to do so. Accordingly, we AFFIRM.

## FACTS

### A.    Background of the parties and the claim

T-Shack is in the rental business and owns (or owned) several real properties in Las Vegas. T-Shack's principal is Raymond Zajac.

The claim at issue concerns a condominium property located at 5155 W. Tropicana Ave., Unit 2010, in Las Vegas (the "Property"). The Property is governed by a homeowners association, which requires its community members to pay HOA dues.

In 2006, nonparty Karin Pethrus borrowed funds from Bank of America, N.A. to purchase the Property as a second home, as evidenced by a promissory note, a corresponding deed of trust to secure repayment of the note, and a second home rider. Ms. Pethrus defaulted on her payments in July 2011. The note and deed of trust were assigned several times thereafter, with NewRez acquiring them in September 2021.

T-Shack purchased the Property at an HOA sale in December 2013 for $48,320. T-Shack took the Property subject to the note and deed of trust but made no mortgage payments to anyone. For the eight-plus years until the petition date, T-Shack rented the Property to others and collected rents.

While it is not clear why no party foreclosed on the deed of trust until NewRez came onto the scene ten years post-default, NewRez recorded a notice

2

of default against the Property in November 2021 and a notice of sale in March 2022. T-Shack filed for bankruptcy to stop the foreclosure sale.

## B.    The bankruptcy filing and proof of claim

After T-Shack filed its chapter 11 petition on April 5, 2022, NewRez filed a secured proof of claim for the Property for $186,091.47, which included a prepetition arrearage of $98,446.80. Attached to the claim was a complete loan payment history from July 2011 (the borrower's default date) to T-Shack's petition date.

T-Shack objected to NewRez's proof of claim, arguing that it should be allowed only in the amount that was owed at the time T-Shack purchased the Property in December 2013, which T-Shack asserted was $87,644.67 or "in the vicinity of $100,000.00 perhaps less." T-Shack argued that the prepetition arrearage of $98,446.80 was not owed for two reasons. First, Mr. Zajac claimed that NewRez had accelerated the debt at the time of the HOA sale per the "Due on Sale Clause" in the deed of trust, so therefore the claim amount was limited to the amount owed at that time. Second, Mr. Zajac believed that the note was "charged off" because T-Shack never received mortgage statements and "upon information and belief" neither had the borrower since T-Shack purchased the Property, and under the Truth in Lending Act no interest or additional fees could be assessed once the note had been charged off.

In response, NewRez argued that T-Shack had failed to meet its burden of proof and rebut the prima facie validity and amount of the claim. NewRez argued that Mr. Zajac's declaration was insufficient because it contained no

3

more than unsupported, self-serving "beliefs" that T-Shack should not have to pay the claim in full, that NewRez could not collect missed payments under federal law, and that the note was "accelerated" or "charged off." NewRez argued that the declaration lacked any detailed information or documentary evidence for these "beliefs" and therefore had no probative value for purposes of supporting T-Shack's objection. While NewRez did not conclusively state whether or not the note was ever accelerated, it argued that T-Shack had not presented any evidence of an acceleration by way of a recorded notice, which NewRez argued would exist had the note been accelerated. Rather, T-Shack's only evidence of the alleged acceleration was a subjective belief that it occurred when T-Shack bought the Property.

After a brief hearing, the bankruptcy court found that Mr. Zajac's declaration failed to provide any relevant evidence and that T-Shack had failed to overcome the claim's prima facie validity and amount. On that basis, the court overruled T-Shack's objection. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in overruling T-Shack's claim objection?

## STANDARD OF REVIEW

Whether the evidence in support of a claim objection sufficiently rebuts the evidentiary presumption under Rule 3001(f) is a question of fact we review

for clear error. *Garner v. Shier (In re Garner),* 246 B.R. 617, 619 (9th Cir. BAP 2000) (citing *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.),* 96 B.R. 275, 277 (9th Cir. BAP 1989)). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz),* 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

### A. Legal standards for claims litigation

A claim is deemed allowed absent objection from a party in interest. § 502(a). A procedurally compliant proof of claim is prima facie evidence of the validity and amount of the claim. Rule 3001(f).

> To defeat a prima facie valid claim under section 502, the objector must come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The ultimate burden of persuasion remains at all times upon the claimant.

*Margulies Law Firm v. Placide (In re Placide),* 459 B.R. 64, 72 (9th Cir. BAP 2011) (cleaned up). But if the objecting party does not rebut the presumption of prima facie validity, the claims litigation ends there, and the claim should be allowed without any further burden on the claimant to demonstrate its validity. *Nations First Cap., LLC v. Decembre (In re Nations First Cap., LLC),* BAP No. EC-19-1201-GLB, 2020 WL 3071983, at *7 (9th Cir. BAP June 5, 2020) (citation omitted), *aff'd,* 851 F. App'x 32 (9th Cir. 2021).

5

**B.** **The bankruptcy court did not err in overruling T-Shack's claim objection.**

T-Shack asserts that the crux of the bankruptcy court's ruling was that it lacked standing to object to NewRez's proof of claim because it was not the borrower. It argues that the court also erred by not allowing discovery so that T-Shack could determine when or if the mortgage debt was ever accelerated or charged off.

T-Shack's asserted basis for the bankruptcy court's ruling is incorrect. The court overruled the claim objection based on T-Shack's failure to meet its evidentiary burden of proof. T-Shack did not produce any, much less sufficient, evidence to rebut the presumptive validity and amount of NewRez's well-supported proof of claim. Specifically, T-Shack offered no facts to show why some amount other than what was asserted in the claim was owed; it merely argued that NewRez was not entitled to the claimed amount. Even then, T-Shack could not provide a concrete number that it believed NewRez was owed, only that it was somewhere between $87,644.67 and $100,000.00. Not being the borrower and lacking first-hand knowledge of the loan transaction obviously put T-Shack at a disadvantage, but the court did not rule that T-Shack could not object to NewRez's claim on that basis. It simply found that T-Shack had not met its evidentiary burden with only Mr. Zajac's "beliefs" as to the claim's correct amount and argument that NewRez's number was "wrong."

T-Shack's argument that it should be allowed discovery to permit it to ascertain the "facts" to sustain its objection to NewRez's claim is also

misplaced. T-Shack did not request an opportunity for discovery before the bankruptcy court. Its position also attempts to reverse the burden of proof under Rule 3001(f). The time to bring these facts was in the claim objection.

T-Shack had years before the bankruptcy to discover information that might have helped support its position that the note was accelerated or charged off, or that some other amount was owed. T-Shack could have sought this information from NewRez (or prior note and deed of trust holders) long before the bankruptcy filing, or could have utilized Rule 2004 afterwards. Mr. Zajac's declaration offered no insight as to what efforts had been made to obtain information about the mortgage debt. He stated that T-Shack attempted to satisfy the debt over the years and was unable to do so, but he failed to explain what those attempts were and why they failed. It is also apparent from the record that T-Shack has made no attempt to locate the borrower who may have the information it seeks. Thus, T-Shack's argument that we should remand this matter so that it can now conduct the discovery it failed to do earlier is not well-taken. *See Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 436 (9th Cir. BAP 2005) (argument that creditor's claim was miscalculated or included amounts wrongfully charged without any effort by debtors to discover evidence to support that argument "rings hollow").

## CONCLUSION

T-Shack has not shown any error by the bankruptcy court. Given the record, we conclude that the court properly overruled T-Shack's objection to NewRez's proof of claim, and we AFFIRM.

7